KANNER, Acting Chief Judge.
A jury verdict for defendant-appellant, Edward Rodriguez, resulted from an action brought under what is commonly known as the “Guest Statute,” section 320.59, Florida Statutes, F.S.A., for bodily injuries to plaintiff-appellee, Maria Gonzalez, the passenger. Upon motion of plaintiff, the court below entered an order granting a new trial; this appeal is the product of that order. In the motion for new trial, error was asserted by the plaintiff with respect to the instruction given by the trial court at the request of the defendant in defining gross negligence as contemplated by the guest statute.
In the subject order, the trial judge quoted the instruction and gave his reason for finding it objectionable:
“ T charge you, Gentlemen of the Jury, that the plaintiff is not entitled to recover damages against the defendant on account of any injuries she may have received as a result of the accident, unless the accident was brought about by conduct of the defendant that amounted to gross negligence or willful or wanton misconduct, as I shall define those terms to you. In other words, under the law of Florida, the owner or operator of a moror (sic) vehiclé is not liable for injuries to a guest passenger, even though he causes them, where they result from mere negligence, or failure to exercise ordinary care under the circumstances, or carelessness. Gross negligence and willful or wanton misconduct mean the same thing. They mean acts of a gross and flagrant character evincing a reckless disregard of human life, or which show wantonness or recklessness or a grossly careless disregard of the safety and welfare of his guest passenger. In other words, gross negligence or wanton or willful misconduct is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. Unless you find that the accident was caused by conduct of this character on the part of the defendant, your verdict must be for the defendant and against the plaintiff. In other words, you cannot simply find that the accident resulted from negligence or carelessness in the manner of operation of the automobile, and on that finding return a verdict for the plaintiff. ■ Unless you find the degree of misconduct or gross negligence that I have described to you, your verdict must be for the defendant.’
“Plaintiff insists that this instruction placed on her the burden of proving culpable negligence sufficient to support punitive damages. This appears to be true and for that reason it is,
“ORDERED, AND ADJUDGED that the plaintiff’s motion for new trial *850 be, and the same is hereby GRANTED.”
Considering this order in the light of the reason supplied by the trial judge, we first observe that the character of negligence authorizing a plaintiff’s recovery of punitive damages in a negligence action is the same character of negligence required to be shown in order to sustain a conviction under the statute for manslaughter by culpable negligence. In Cannon v. State, 1926, 91 Fla. 214, 107 So. 360, 363, where the offense charged was manslaughter through' culpable negligence in the operation of an automobile, the supreme court said:
“ * * * [T]o authorize the recovery of exemplary or punitive damages, the negligence complained of must be of ‘a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.’ * * * This definition of the character of negligence necessary to be shown to authorize the recovery of punitive damages may well be applied as a definition of ‘culpable negligence’ as used in the statute (section 5039) [1] defining manslaughter.” See also Carraway v. Revell, Fla.1959, 116 So.2d 16; Russ v. State, 1939, 140 Fla. 217, 191 So. 296; Preston v. State, Fla.1952, 56 So.2d 543; Florida Southern Ry. Co. v. Hirst, 1892, 30 Fla. 1, 11 So. 506, 16 L.R.A. 631; Sauer v. Sauer, Fla.App.1961, 128 So.2d 761, cert. denied, 135 So.2d 742.
In the case of Carraway v. Revell, supra, the supreme court, speaking through the present Mr. Chief Justice Drew, gave a thorough and illuminating analysis which serves to clarify the concept of negligence as it has been divided in degrees or kinds. Through that discussion the court shows distinguishing characteristics of each kind or degree, pointing up initially the affinity between the character of negligence necessary to recover punitive damages and that required to sustain a conviction for manslaughter. The court then held at 116 So.2d page 22, with respect to recovery under the guest statute:
“ * * * that a guest under the statute may not lawfully recover from an owner or operator of a vehicle for simple or ordinary negligence; that he may recover for gross negligence which is that kind or degree of negligence which lies in the area between ordinary negligence and wilful and wanton misconduct sufficient to support a judgment for exemplary or punitive damages or a conviction for manslaughter.”
Then specifically defining gross negligence as opposed to simple negligence, the court at 116 So.2d pages 22 and 23 reaffirmed that which it had stated in Bridges v. Speer, Fla.1955, 79 So.2d 679, 682:
“ ‘We think the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or “clear and present” that negligence is gross, whereas other negligence would be simple negligence.’ ”
*851 Thus, the supreme court, reaffirming the quoted rule which it said would more nearly solve the problem than any other, positioned the area of its applicability between ordinary negligence and such wilful and wanton misconduct as would be sufficient to support a judgment for punitive damages or a conviction for manslaughter.
In the charge presently under review, the trial court, stating that the plaintiff is not entitled to recover unless the accident was brought about by conduct of the defendant that amounted to “gross negligence or willful or wanton misconduct,” then specified, “ * * * I shall define those terms to you”:
“In other words, under the law of Florida, the owner or operator of a moror (sic) vehicle is not liable for injuries to a guest passenger, even though he causes them, where they result from mere negligence, or failure to exercise ordinary care under the circumstances, or carelessness.”
Then the court did specifically give the following definition of gross negligence for the jury’s guidance:
“Gross negligence and willful or wanton misconduct mean the same thing.They mean acts of a gross >cmd flagrant character evincing a> reckless disregard of human life, or which show wcmtonness or recklessness or a grossly careless disregard of the safety and welfare of his guest passenger. In other words, gross negligence or wanton or willful misconduct is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property.” (Emphasis added.)
So saying, the court then admonished the jury that “Unless you find that the accident was caused by conduct of this character on the part of the defendant, your verdict must be for the defendant and against the plaintiff,” and concluded by reiterating, “Unless you find the degree of misconduct or gross negligence that I have described to you, your verdict must be for the defendant.” In the above charge, the wording which we have emphasized is employed in the rule relating to punitive damages and culpable negligence.
 The instruction given by the trial judge, prepared and submitted by the defendant, is the core or heart beat of the case as it concerns the law, because it was all the jury had to go by in their assessment of the facts. It is of prime importance that the trial court correctly charge the jury with respect to matters of law, since that body is composed, not of legal technicians, but of men and women ordinarily found in the amalgam of human beings of different educational and intellectual levels which typify a society as a whole. The exact words of an established' instruction to the jury are not required to be utilized verbatim; but, if followed substantially and if essentially equivalent, an instruction given by the trial judge is acceptable. Such instruction as the court does arrive at, however, should be unconfusing and not misleading in its meaning, lending itself to a consistency of interpretation which yields no advantage in its understanding either to the plaintiff or to the defendant.
While the instruction here under review does not go all the way in stating the punitive damages or culpable negligence rule, yet, it uses the forceful and significant descriptive phraseology, “Gross negligence and willful or wanton misconduct mean * * * acts of a gross and flagrant character evincing a reckless disregard of human life, or which show wantonness or recklessness or a grossly careless disregard of the safety and welfare * * *.” (Emphasis added.) In context, this language carries the charge very materially beyond the bounds of the gross negligence definition prescribed in the Carraway v. Revell case.
When one looks at the complete composition of the charge, with its emphasis with respect to what the jury could or could not find being directed to the side of the de *852 fendant, together with the portion of the punitive damages and culpable negligence rule which it utilizes, it logically could have been confusing and misleading to the jury. It is substantially more advantageous to a defendant, who could be expected to elect that the court give the definition which was here before the jury, while a plaintiff, who must prove his case by a preponderance of the evidence, would prefer the less stringent definition reaffirmed by the supreme court in the Carraway case.
Based upon what we have said, the granting of a new trial should be upheld.
Affirmed.
SHANNON, J., and SMITH, D. C., Associate Judge, concur.

. This is now section 782.07, F.S.A.