SHANNON, Acting Chief Judge.
This is a guest statute case in which the jury returned a verdict in favor of the defendant. The plaintiffs contend that the trial court committed error when it defined gross negligence to the jury as follows:
“The Court instructs you that gross negligence is a reckless disregard for *702 human life; or that entire want of care which would raise the presumption of a conscious indifference to consequences, or show such wanton and reckless indifference to the rights of others as is equivalent to intentional violation of them, regardless of any actual intention to inflict injury.”
In Carraway v. Revell, Fla.1959, 116 So.2d 16, the Florida Supreme Court discussed the degree of negligence required to justify a recovery under the guest statute and concluded that gross negligence “lies in the area between ordinary negligence and willful and wanton misconduct sufficient to support a judgment for exemplary or punitive damages or a conviction for manslaughter.”
In Rodriquez v. Gonzalez, Fla.App.1963, 157 So.2d 848, another guest statute case, the following jury instruction was under scrutiny:
■“ * * * Gross negligence and willful or wanton misconduct mean the same thing. They mean acts of a gross and flagrant character evincing a reckless ■disregard of human life, or which show wantonness or recklessness or a grossly careless disregard of the safety and ■welfare of his guest passenger. In ■other words, gross negligence or wanton or willful misconduct is that course ■of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. * * * ”
In this case the trial court had recognized -the impropriety of the instruction and had granted a new trial. The order granting a new trial was affirmed. Judge Kanner stated that this charge went materially beyond the definition of gross negligence found in Carraway v. Revell.
Although the instruction in the present case did not state that gross negligence and willful and wanton misconduct are the same, it certainly could have given the jury this impression, because the charge more accurately defines willful and wanton misconduct rather than gross negligence. The similarity to the incorrect instruction in the Rodriguez case is apparent. This placed a heavier burden of proof on the plaintiffs than that which the guest statute requires. If this instruction had not been given it is possible that the plaintiff would have prevailed, and so we must reverse.
Reversed.
WHITE and ANDREWS, JJ., concur.