PER CURIAM.
In this wrongful death action, plaintiff administratrix appeals an adverse judgment for defendants D. D. Kennedy, Inc. and Hendrickson Mfg. Co. entered pursuant to a jury verdict, and a judgment for Bucyrus-Erie Company entered in accordance with its motion for directed verdict.
The deceased, Raymond Jones, was an oiler on a crane and one of his duties was to keep the crane clean and free from oil drippings. On the day of the accident, Jones was working on the crane when the crane operator, who did not see Jones, climbed up into the cab and started the crane. As the crane began to swing, it struck Jones, who became caught between the upper and lower structure of the crane, and killed him.'
*634 His widow, Anisa Jones, as administra-trix of his estate, filed a wrongful death action against Bucyrus-Erie Company which designed and manufactured the upper structure of the crane (the boom and the cab), Hendrickson Manufacturing Company which designed and manufactured the lower part, the carrier, and D. D. Kennedy, Inc. the assembler of the upper and lower structures. Plaintiff alleged that her husband was killed due to the negligent design, manufacture and/or assembly of the crane by the defendants in that Jones at the time of his death was standing in a large hole or cavity in the framework of the upper structure, which was a blind spot to the operator of the crane; there were no mirrors on the cab to see Jones; no warning devices that the crane was going to swing; and no shell mesh covering the cavity in which he was standing.
The cause was tried and the jury retired to deliberate. During the deliberation, the jury sent the following question to the trial judge:
“If we agree that there were no set safety standards, in 1966, and those safety devices recommended were not in use in the industry, can we find the defendants guilty ?
“P.S. We just want the point of law on this item.”
The judge responded in the negative and returned the case to the jury. Approximately 40 minutes later the jury again came back and indicated:
“Is this the final answer.
“If this is your last word on the subject, we have reached a verdict.”
The trial judge did not change his ruling and the jury rendered its verdict finding for the defendants. Nevertheless, upon a polling of the jury, two jurors denied that the verdict was theirs. The jury returned to deliberate again and reached a verdict finding in favor of defendants D. D. Kennedy and Hendrickson Mfg. However, the jurors could not agree on a verdict with respect to the plaintiff’s claim against defendant Bucyrus-Erie. The trial judge entered final judgment in favor of D. D. Kennedy and Hendrickson Mfg. Thereafter, the judge entered final judgment for Bucyrus-Erie in accordance with its motion for directed verdict on which he had reserved ruling.
With respect to the judgment entered in favor of Hendrickson Mfg. and D. D. Kennedy, plaintiff contends that the trial court committed reversible error in answering incorrectly the jury's question (set out above), and thereby confusing and/or misleading the jurors resulting in the denial of a fair trial.
It is of the utmost importance that a trial judge correctly charge the jury. These charges are the very core or heart beat of the case inasmuch as they are all the jury has to guide them in their assessment of the facts. Rodriguez v. Gonzalez, Fla.App. 1963, 157 So.2d 848. In reaching a determination that a jury was misled or confused by a jury charge, the appellate court must inquire whether a jury might reasonably have been misled by the charge or instruction. Florida Power & Light Co. v. McCollum, Fla.1962, 140 So.2d 569.
We first take note that the trial judge, in effect, erroneously instructed the jury in replying “no” to its question of the absence of industry safety standards. See Homan v. Dade County, Fla.App.1971, 248 So.2d 235 and cases cited therein. After carefully scrutinizing the record, we believe the jury was misled and confused by the judge’s negative reply. This belief is reinforced by the jury’s reiterating to the court: “Is this the final answer If this is your last word on the subject, we have reached a verdict.” Cf. Casazza v. Emerson, Fla.App.1967, 194 So.2d 623. For this reason, the judgment entered for D. D. Kennedy and Hendrickson Mfg. is reversed and the case remanded for a new trial as to these defendants.
*635 Plaintiff also argues that the trial court erred in granting a directed verdict for Bucyrus-Erie and entering judgment. We agree.
Reviewing the evidence in the light most favorable to the plaintiff, the non-moving party, we cannot say there was no evidence on which the jury lawfully could have found a verdict for her. See 2 Fla.Jur. Appeals § 302 (1963) and cases cited therein. Accordingly, the judgment in favor of Bucyrus-Erie is reversed and the cause remanded for a new trial.
Reversed and remanded.