339 So.2d 1142 (1976)
Beatrice SCHLEIN and Philip Schlein, Appellants,
v.
FLORIDA EAST COAST RAILWAY CO., Appellee.
No. 75-2030.
District Court of Appeal of Florida, Third District.
December 1, 1976.
Rehearing Denied December 21, 1976.
Horton, Perse & Ginsberg, Freidin & Goldfarb, Miami, for appellants.
Bolles, Goodwin, Ryskamp & Welcher, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiffs, Beatrice Schlein and her husband Philip Schlein, appeal from a final judgment in favor of plaintiffs pursuant to a jury verdict for injuries sustained by Beatrice Schlein when the car in which she was driving collided with defendant's train.
The trial court propounded special interrogatories to the jury, whereupon the jury returned a verdict finding Beatrice Schlein 75% negligent and defendant 25% negligent. The total amount of her damages was found to be $25,000. The trial court reduced the damages by 75%, entering a final judgment in favor of the plaintiffs for $6,250.
Plaintiffs contend that the trial court erred in reducing the plaintiffs' verdict by the percentage of Beatrice Schlein's negligence after the court had instructed the jury, pursuant to the applicable Florida Standard Jury Instructions,[1] that the jury should award the total amount of damages sustained by plaintiffs, reduced by the same proportion that Beatrice Schlein's negligence contributed to her loss, injury or damage.
After giving the above standard jury instructions, the trial court submitted a special *1143 interrogatory form to the jury, requesting that it find the plaintiff's negligence, defendant's negligence and the percentage of negligence of each party. With regard to damages, the special interrogatories questioned: "What is the total amount of damages, if any, you find that the plaintiff, Beatrice Schlein, has sustained as a legal result of the accident?"
Plaintiffs argue that the general verdict form under the Standard Jury Instructions mandates that the jury reduce the award and that when the trial court reduced the damage award, it amounted to a double reduction. Plaintiffs therefore urge that this court should reverse the trial court and direct it to enter judgment for $25,000, which amount plaintiffs say was initially reduced by the jury pursuant to the court's instructions.
Defendant argues that the trial court carefully explained the special verdict form to the jury, that it was further explained by closing argument of counsel for the respective parties, and that the trial court therefore properly reduced the damages.
We do not agree with the arguments of either of the parties hereto. Unquestionably, the trial court endeavored to fully and fairly instruct the jury, as required by settled law. Yet it is not controverted that the instructions were inconsistent. In view of the inconsistent instructions, there is no way at this time to determine how the jury reached its verdict. Appellate courts must inquire whether the jury was misled or confused by jury instructions. Jones v. Bucyrus-Erie Company, 323 So.2d 633 (Fla.App.3d DCA 1975). In our opinion, the standard jury instruction as to damages together with the special interrogatories submitted to the jury may have confused or misled the jury, causing them to arrive at a conclusion which they may not otherwise have reached. Allstate Insurance Company v. Vanater, 297 So.2d 293 (Fla. 1974). We therefore reverse and remand this cause for trial as to damages alone.
Reversed and remanded.
NOTES
[1] Florida Standard Jury Instructions 3.8 & 6.1.