Mr. M. A. Galbraith, Jr. City Attorney City of Boca Raton
QUESTION:
Does a municipality have the home rule authority to grant its fire department officials the authority to serve summonses or criminal process or process in the nature of criminal process, make arrests, and carry firearms in the enforcement of the state and local fire codes?
SUMMARY:
A municipality has no home rule power to grant the members of its fire department or its fire officials the authority to serve summonses or criminal process or process in the nature of criminal process, make arrests, carry firearms, and make searches and seizures, or make affidavits necessary to authorize arrests and searches and seizures, as a sheriff or his deputies may do, in connection with the enforcement of its fire prevention code or the enforcement of ch. 633, F.S., as amended, or the rules and regulations made and promulgated thereunder by the State Fire Marshal.
Insofar as the service of summonses or criminal process or process in the nature of criminal process is concerned, municipalities derive no authority concerning such service for or issuance of process by the state courts from s. 2(b), Art. VIII, State Const.; thus a municipality possesses no home rule power to authorize its fire department officials to serve summonses for or criminal process or process in the nature of criminal process issued by the state courts or pursuant to rules adopted by the Supreme Court.
By way of background, municipal courts were abolished under the provisions of the revised Art. V of the State Constitution, adopted on March 14, 1972. Section 1, Art. V prohibits the establishment of such courts by the state or its municipalities. Pursuant to s. 17, Art. V, the state attorney in each judicial circuit has been made the prosecuting officer of all trial courts in that circuit, however, municipal prosecutors may be authorized by general law to prosecute violations of municipal ordinances.See also s. 20(c)(12), Art. V, State Const. The county courts have original jurisdiction of all violations of municipal ordinances; s. 20(c)(4), Art. V, State Const.; s. 34.01(1)(b), F.S. (1980 Supp.), and the judges thereof are committing magistrates. Section 20(c)(4), Art. V; s. 34.01(3), F.S. (1980 Supp.). In order to prosecute a violation of a municipal ordinance, such as a local fire code or the provisions of the state fire code (see ss. 633.15, 633.171, F.S.) the court issues process to bring before it the alleged violator. When a person has been arrested for a misdemeanor or violation of a municipal ordinance triable in the county, and demand to be taken before a magistrate is not made, the arresting law enforcement officer or the booking officer, as the case may be, may issue and serve a written order or notice to appear requiring the person arrested to appear in the county court at a specified date and time in the circumstances and in the manner prescribed in F.R. Crim. Pro. 3.125. The exercise of the court's power in apprehending a person against whom process has been issued should be exercised in accordance with the procedures prescribed by statutes or rules.Cf. AGO 072-427.
In the broad sense, `process' and `summons' are procedural matters, not substantive matters. See Black's Law Dictionary 1368 (Rev. 4th ed. 1968), defining `procedure'. The exclusive power to make rules governing the practice and procedure in the state courts is vested in the Supreme Court through s. 2, Art. V, State Const. See F.R. Civ. Pro. 1.070(b) (stating, inter alia, that service of process may be made by an officer authorized by law to serve process but a court may appoint any competent person not interested in the action to serve the process); and F.R. Crim. Pro. 3.120 (stating, inter alia, that each state and county judge is a committing magistrate and may issue a summons); see also
Petition of Stoll, 309 So.2d 190, 191 (1 D.C.A. Fla., 1975) (followed in 323 So.2d 633 (3 D.C.A. Fla., 1976)), stating that service of process is a procedural step in the prosecution of litigation and within the ambit of the rulemaking power vested in the Supreme Court by Article V of the State Constitution; and observing that even without a specific rule so providing, courts have the inherent power to appoint an elisor (process server) upon default or disqualification of the sheriff or other officers so authorized. Cf. State v. Mitchell, 188 So.2d 684, 688 (4 D.C.A. Fla., 1966), decision of District Court of Appeal adopted as ruling of Supreme Court and cert. discharged, 192 So.2d 281 (Fla. 1966), stating that the Constitution and statutes confer by implication the power to have subpoenas to appear before grand juries issued and served; and observing that this power exists by common law and none of the provisions of the Constitution or statutes of this state are inconsistent with that common law. Since the Constitution vests the exclusive power to make rules of practice and procedure in the state courts in the Supreme Court, and the issuance and service of summonses and criminal process or process in the nature of criminal process is a matter of state court procedure, I conclude that a municipality has no home rule power to grant its fire department officials the authority to issue or serve summonses or criminal process or any process in the nature of criminal process in the state courts.
As for arrests, s. 901.04, F.S., provides that arrest warrants (issued by a committing magistrate pursuant to s. 901.02) shall be directed to the sheriffs of the state and executed only by thesheriff of the county in which the arrest is made. Section 901.15
authorizes peace officers to arrest a person without an arrest warrant when, among other things, the person has committed a misdemeanor or violated a municipal ordinance in the presence of the officer; such arrest is to be made immediately or in fresh pursuit. `Peace officers' is generally defined to include those whose duty it is to enforce and preserve the public peace, including sheriffs and their deputies and members of the police force of cities. Black's Law Dictionary Peace Officers 1287 (Rev. 4th ed. 1968); 70 C.J.S. Peace Officer, p. 380. Absent explicit statutory provision therefor, municipal firemen or fire department officials have no duty to keep or preserve the public peace; thus, such firemen or fire department officials are not `peace officers.' See s. 633.30(1), F.S., defining `firefighter' to mean any person initially employed as a full-time professional firefighter by any employing agency, whose primary responsibility is the prevention and extinguishment of fires, the protection of life and property, and the enforcement of municipal, county, and state fire prevention codes, as well as of any law pertaining to the prevention and control of fires. This statute does not purport to vest in municipal firefighters any power to make arrests, with or without warrant. Cf. s. 943.10(1), F.S. (1980 Supp.) defining `Law Enforcement Officer' to mean any person who is elected, appointed, or employed full-time by any municipality or the state or any political subdivision thereof, who is vested with authority to bear arms and make arrests, and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of Florida. Since they are not peace officers, the fire department officials in question are without the requisite authority to make a warrantless arrest for a misdemeanor or violation of a municipal ordinance under s.901.15, F.S. Cf. AGO 072-335 (concluding that firefighters are not law enforcement officers and fire departments are not law enforcement agencies); AGO 073-117 (stating that since the Florida Statutes do not bestow the same responsibilities or powers on firefighters as they do on law enforcement officers, then it cannot be said that under the laws of Florida a firefighter is a law enforcement officer); AGO 079-83 (even though a county ordinance made it the duty of a county fire official to investigate fires of suspicious origin and take immediate charge of all physical evidence relating to the cause of any such fire and pursue the investigation to its conclusion, the authority to enforce the arson laws, make arrests — with or without warrant — serve summonses and make searches and seizures is vested by the Constitution, statutes and common law in the sheriff). While a municipality possesses the power to create appointive offices and prescribe the powers thereof and of its appointive officers who exercise their powers and perform their duties pursuant to municipal ordinance, see AGO 087-97, I am not prepared to say that under the existing common law and constitutional and statutory scheme of state and local government in this state, a municipality may by ordinance make its firemen or fire officials `peace officers' or vest in them the power to keep the public peace (which power is presently vested in the municipal police force).
Section 633.14, F.S., provides:
 Agents of the State Fire Marshal shall have the same authority to serve summonses, make arrests, carry firearms and make searches and seizures, as the sheriff or his deputies, in the respective counties where such investigations, hearings or inspections may be held; and affidavits necessary to authorize any such arrests, searches or seizures may be made before any magistrate having authority under the law to issue appropriate processes.
This office has previously concluded that `the chief of an organized fire department may serve summonses, make arrests, carry firearms, and conduct searches and seizures incident to his duties as an ex officio agent of the state fire marshal while enforcing the Florida Fire Prevention Code.' Attorney General Opinion 073-454. However, the basis for the opinion expressed therein has been eliminated by a 1980 amendment to s. 633.121, F.S.
Prior to the 1980 amendment, s. 633.121 read as follows:
 633.121 Fire chiefs, etc., as agents. — When certified by the State Fire Marshal, the chiefs of fire departments and other fire department personnel, and personnel employed by local governments having no organized fire departments, may be designated by the State Fire Marshal as ex officio agents of the State Fire Marshal and shall make similar reports on forms to be furnished by the State Fire Marshal. (Emphasis supplied.)
The new s. 633.121 F.S. (1980 Supp.), now provides:
 633.121 Persons authorized to enforce laws and rules of State Fire Marshal. — The chiefs of county, municipal, and special-district fire departments; other fire department personnel designated by their respective chiefs; and personnel designated by local governments having no organized fire departments are authorized to enforce this law and all rules prescribed by the State Fire Marshal within their respective jurisdictions. Such personnel acting under the authority of this section shall be deemed to be agents of their respective jurisdictions, not agents of the State Fire Marshal. (Emphasis supplied.)
Therefore, municipal fire department personnel are now the agents of the municipality and not agents of the State Fire Marshal, ex officio or otherwise, and as such municipal agents they derive no authority from s. 633.121, F.S. (1980 Supp.), or from s. 633.14, F.S. 1979 to serve summonses, make arrests, carry firearms and make searches and seizures, like the sheriff or his deputies, and make affidavits necessary to authorize any such arrests, searches or seizures before a magistrate having authority to issue process. While s. 633.121, F.S. (1980 Supp.), authorizes municipal fire department personnel to enforce ch. 633, F.S., as amended, and the rules *3603 prescribed by the State Fire Marshal, as the agents of the respective municipalities, it does not purport to grant or authorize the granting of arrest powers to such fire department personnel or officials.
*3604 Pursuant to s. 633.15, F.S. 1979, the provisions of ch. 633, F.S., and all regulations prescribed by the State Fire Marshal thereunder, have the same force and effect in each and every incorporated town or city as the ordinances of those municipalities, and are enforceable in the county courts in the same manner as such ordinances. But this statute does not purport to vest any arrest powers in municipal fire department personnel or operate to make such firemen or fire officials `peace officers' or `law enforcement officers' with the powers appurtenant to or inherent in such offices and officers. I therefore conclude that the city may not by ordinance vest the members of its fire department or its fire officials with the power of arrest with respect to the enforcement of its fire prevention code or the provisions of ch. 633, F.S., and the rules and regulations made and promulgated by the State Fire Marshal thereunder.
The carrying of firearms and concealed weapons is regulated by ch. 790, F.S. See s. 790.01, F.S. (1980 Supp.), and ss. 790.02, 790.05, 790.051, 790.052, 790.06, and 790.25, F.S. 1979. Municipal firemen and fire officials are not excepted or exempted from the regulatory force and operation of ch. 790, F.S., as amended, and are not `law enforcement officer(s)' as defined by s. 790.001(8). Only the county commissions of the several counties of this state, pursuant to a duly adopted uniform policy and procedure as well as the governing statutory requirements, may authorize or license any person to carry a firearm or concealed weapon. See s. 790.01, F.S. (1980 Supp.), and ss. 790.05, 790.06, F.S. 1979. The only exemptions from the licensing and penal provisions of ch. 790, are granted to law enforcement officers (see s. 790.051, F.S.) and certain other persons (see s. 790.25(3), F.S.) not including municipal fire officials.
I therefore conclude that a municipality may not by ordinance grant its firemen or fire officials the authority to carry firearms or anywise except or exempt its fire department personnel from the regulatory operation and force of ch. 790, F.S., as amended, in connection with the enforcement of its fire prevention code or the enforcement of ch. 633, as amended, or the rules and regulations made and promulgated by the State Fire Marshal thereunder.
Prepared by: William D. Hall, Jr., Assistant Attorney General