294 So.2d 21 (1974)
Dianne LaFLEUR and Edward LaFleur, Appellants,
v.
CASTLEWOOD INTERNATIONAL CORP., d/b/a Big Daddy's Imperial Lounge, et al., Appellees.
No. 73-808.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Rehearing Denied May 20, 1974.
*22 Sepler & Sussman and Irma Hernandez, Hialeah, for appellants.
Wicker, Smith, Pyszka, Blomqvist & Davant, Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellants, plaintiffs in the trial court, seek review of an order granting the defendants a new trial on the issue of punitive damages.
Plaintiffs were awarded $10,000 in compensatory damages against both defendants and $25,000 in punitive damages against defendant Castlewood International Corp. and $500 against defendant James Holland, an employee of the corporation, at the conclusion of a jury trial. Following the jury verdict and entry of final judgment thereon, this cause came on to be heard by the trial court on defendants' motion for a new trial. The trial judge made the following written findings in the order granting a new trial:
"(a) That harmful error was committed when the jury was charged that:
"`Gross negligence is the failure to use slight care. It is conduct of a person that a reasonably careful person would know probably and most likely would result in injury or damage to other persons or to property.'
"(b) That harmful error was committed when the jury was charged that:
"`The second issue for your determination on the claim of the plaintiffs against the defendants is whether the defendant, Mr. Holland, was grossly negligent and whether such gross negligence was a legal cause of the injuries complained of.'
"(c) That substantial rights of the Defendants were violated to the extent that *23 a fair trial was not had on the issue of punitive damages."
This cause was tried upon a complaint alleging an intentional assault and battery, negligence and wanton and willful misconduct by the individual defendant, Holland, which rendered the corporation vicariously liable. The assault and battery allegation was subsequently dropped during the course of the proceeding.
The evidence presented at trial was in sharp conflict. the plaintiffs' version of the facts was as follows: Plaintiff, Dianne LaFleur, along with a female companion entered the Big Daddy's Lounge, owned by the corporate defendant, at 10:30 P.M. on May 21, 1971. Shortly before doing so, the two women testified that they narrowly missed being involved in an automobile accident involving a hit-and-run driver. The women said they entered the lounge to ascertain if someone had called the police about the accident.
While in the lounge, the women stated that defendant Holland, a bouncer employed by Big Daddy's, stated to another man, "You can have this one; I'm gonna take this one," referring to the two women. At that point, Mrs. LeFleur and the other woman left. However, they shortly re-entered the lounge, because they were "shaken up" due to their narrow escape from an accident, and they decided to have a drink before leaving.
Upon re-entering the lounge, the women testified that as they walked in through a hallway, Holland alighted from a stool on which he was seated, ran to Mrs. LaFleur and lifted her up almost above his head by grasping her ankles. At the same time, the women testified that they heard him exclaim, "I have me a girl to f____ tonight."
Mrs. LaFleur stated that as Holland lifted her he apparently lost his balance, and they fell to the floor. As a result, Mrs. LaFleur sustained personal injuries.
Holland's testimony was substantially different. He recalled conversing with Mrs. LaFleur the first time she entered the lounge, in cordial terms. However, Holland said that when the women re-entered for the second time, he observed a man entering behind them whom he had previously ejected. Holland stated that he jumped off the stool to pursue this man, and he bumped into Mrs. LeFleur as he ran past her. He denied making the statements the women attributed to him.
The plaintiffs contend that the trial court erred in granting a new trial on the issue of punitive damages because the court was correct in instructing the jury as to gross negligence and no harmful error was committed by the giving of the instruction. This contention has merit.
Litigants are vested with a right to have instructions presented to a jury upon the law as it is applicable to the evidence in a case and according to the issues involved in the case. Wynne v. Adside, Fla.App. 1964, 163 So.2d 760. Where there is competent, substantial evidence supporting a charge, a party has the right to submit his theory of the case to a jury. Harwell v. Blake, Fla.App. 1965, 180 So.2d 173.
It is appellees' position that the trial court's instructions to the jury on "gross negligence" muddled the distinction between "wanton and willful misconduct" and therefore misled and confused the jury on the issue of punitive damages. We cannot agree.
In reaching a determination that a jury was misled and confused by an instruction, the inquiry is whether a jury might reasonably have been misled by the instruction and whether any erroneous instruction resulted in a miscarriage of justice. Florida Power & Light Co. v. McCollum, Fla. 1962, 140 So.2d 569; Fla. Stat. § 59.041, F.S.A.
In Glaab v. Caudill, Fla.App. 1970, 236 So.2d 180, Judge McNulty noted that there has been a "semantic cohabitation" between the terms "gross negligence" and "wanton and willful misconduct." It is obvious that lawyers as well as juries have *24 not always been free from confusion as to the difference between the two legal concepts.
Appellees point out however, that the distinction is crucial in this case because punitive damages are not allowed for gross negligence whereas they are permitted where a defendant has engaged in wanton and willful misconduct. Appellees cite the Glaab case as well as Carraway v. Revell, Fla. 1959, 116 So.2d 16; Rodriguez v. Gonzalez, Fla.App. 1963, 157 So.2d 848; Carter v. Lake Wales Hospital Association, Fla. App. 1968, 213 So.2d 898.
It is worthy of observation that all of these cases, except the last one, involved the now repealed guest statute. Under that statute, of course, it was required that a degree of negligence higher than ordinary negligence be proven before a guest passenger was permitted to sue an owner or operator of a motor vehicle. However, a recurring problem arose as to whether it was necessary to show such a degree of negligence as would allow for punitive damages before one could sue under the guest statutes. Our courts uniformly held that gross negligence which permitted recovery under the statute was a degree of negligence, positioned in between ordinary negligence on the one hand and wanton and willful misconduct (sufficient to support punitive damages) on the other.
A reading of our cases pertaining to punitive damages in general reveals, however, a remaining affinity between gross negligence and wanton and willful misconduct. For instance, our Supreme Court recently said:
"Therefore, in any case, punitive damages may be awarded based upon legal malice which may be inferred from, among other things, gross negligence indicating a wanton disregard for the rights of others." Adams v. Whitfield, 290 So.2d 49, opinion filed February 6, 1974. [Emphasis ours.]
The court therein cited the landmark case of Winn & Lovett Grocery Co. et al. v. Archer et al., 1936, 126 Fla. 308, 171 So. 214 where it was stated that punitive damages are given "... when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others... ."
In the Archer case, the court also stated:
"They [punitive damages] are peculiarly, left to the discretion of the jury as the degree of punishment to be inflicted must always be dependent on the circumstances of each case, as well as upon the demonstrated degree of malice, wantonness, oppression, or outrage found by the jury from the evidence... ." (171 So. 221 and 222). See also, Buie v. Barnett First National Bank of Jacksonville, Fla. 1972, 266 So.2d 657.
In this case, the trial court instructed the jury "[I]f you find that they [the defendants] acted with malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of others, you may, in your discretion, assess punitive damages against such defendants, or either of them, as punishment and as a deterrent to others."
The fact that the court also instructed the jury on gross negligence, fails to convince us that the jury did not fully understand what constituted the proper grounds for an award of punitive damages.
Nor, do we find substance to appellees' contention that a comment by plaintiffs' counsel during his closing argument indicating that gross negligence was grounds for punitive damages also mandated a new trial. Appellees did not object to the comment, and later in his closing argument, counsel clearly stated the correct grounds for an award of punitive damages.
Therefore, for the reasons stated and upon the authorities cited, the order granting *25 appellees a new trial on the issue of punitive damages is hereby reversed, and the cause is remanded with directions to reinstate the jury's award of punitive damages.
Reversed and remanded with directions.