366 So.2d 458 (1978)
ALFAR CREAMERY COMPANY and U.S. Fidelity & Guaranty Company, Appellants,
v.
Warren G. WILLIAMS, Jr., Seaboard Airline Railroad Company, a Foreign Corporation Authorized to Do Business in the State of Florida, and George Wilbur Eaddy, Appellees.
No. 77-2032.
District Court of Appeal of Florida, Fourth District.
December 20, 1978.
Rehearing Denied February 9, 1979.
Walter E. Beisler of Anthony J. Beisler, P.A., Fort Lauderdale, for appellants.
Arthur E. Barrow of Caldwell, Pacetti, Barrow & Salisbury, Palm Beach, for appellees.
DOWNEY, Chief Judge.
Appellee, Warren G. Williams, Jr., was injured by Seaboard Airline Railroad Company while working in the course and scope of his employment with Alfar Creamery Company. Eventually Williams sued Seaboard and United States Fidelity & Guaranty Company, the workmen's compensation carrier, filed a notice of claim of lien for payment of workmen's compensation benefits to Williams and served all parties with copies of the notice. The notice was never recorded.
After extended litigation Williams successfully recovered a judgment against Seaboard. A motion for equitable distribution filed on behalf of United States Fidelity and Guaranty Company was denied by the trial court because the compensation carrier's notice of lien was not recorded. It is that order we have for review.
Section 440.39(3)(a), Florida Statutes (1977), provides in pertinent part:
"... Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the Court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law." (Emphasis supplied.)
*459 The statute in question provides that a compensation carrier (or employer if self insured) is entitled to an equitable distribution of the injured employee's award if the carrier files a notice of lien in the litigation and records the notice. Here, the parties were all on notice of the compensation payments to the employee so there is no lack of notice. Nonetheless, in Cook Motor Company v. Vaughn, 189 So.2d 536 (Fla. 1st DCA 1966), a case in which the carrier had not filed a notice of payment of compensation in the suit, the court held the carrier was not entitled to the benefits of Section 440.39(3)(a) even though all parties had knowledge of the existence of the payment of compensation to the employee. Thus, it appears that the fact the interested parties have actual knowledge of the existence of the potential claim does not suffice. This position can be justified because the carrier's subrogation rights are a creature of statute and in order to be entitled to the benefits of the statute the claimant must conform to the requirements of the statute. As the court stated in Cook, supra:
"... In 1951 the legislature amended Section 440.39, Florida Statutes, F.S.A. by granting to the employee an opportunity to control his lawsuit. By that amendment the injured employee was afforded the right to collect workmen's compensation benefits and at the same time institute suit against a third party tort-feasor. If the injured employee filed suit, the employer or his insurance carrier had the right to file in that suit a notice of payment of compensation benefits, and the same by operation of law constituted a lien upon any judgment recovered to the extent that the court determined to be their pro rata share for the benefits paid. This 1951 amendment, which is retained in the statutes today, gave the injured employee the right to control his own law suit against the third party tortfeasor and provided for limited subrogation on an equitable basis. The compensation insurer has no right of subrogation except as granted by statute, therefore in order for it to avail itself of the benefits conferred by statute, it must comply with the rules, regulations, burdens and conditions provided by law. The conditions prerequisite for subrogation in such cases are those set forth in the first paragraph under subsection 440.39(3)  that is, filing in the suit notice of payment of compensation and serving notice of payment of compensation upon all parties to the suit." 189 So.2d at 538.
Accordingly, since the appellant insurance carrier failed to comply with the statute by not recording its claim of lien we find no error demonstrated in the order under review.
AFFIRMED.
DAUKSCH and MOORE, JJ., concur.