SCHEB, Judge.
Appellant, Aetna Insurance Company, paid workers’ compensation benefits to an injured employee who subsequently recovered damages for her injuries in a suit against third-party tortfeasors. The trial court dismissed a motion for equitable distribution filed under Section 440.39(3), Florida Statutes (1975).[1] Aetna appeals.
*1020 The issue we address is whether Aetna’s failure to file and record a notice of lien in the employee’s third-party suit deprived it of its right under Section 440.39(3) to obtain an equitable distribution of the damages recovered by the employee in her third-party action. We hold it did not and reverse.
' On October 7, 1976, Gayle C. Harter was injured in an automobile collision while she was driving a car within the scope of her employment. Harter began receiving workers’ compensation benefits from Aet-na, her employer’s carrier. On September 19, 1977, Aetna furnished the required statutory notice of its subrogation rights. § 440.39(3)(b), Fla.Stat. (1975). On September 23 Harter filed a tort action seeking damages from the driver and the owner of the other vehicle. Subsequently, she accepted $15,000 in settlement of her claims from their insurance company.
Harter then filed a motion in the tort litigation requesting the court to make an equitable distribution of the settlement proceeds between her and Aetna, and served the motion on Aetna. She was still receiving compensation benefits from Aetna at this time. Aetna’s first notice of Harter’s third-party action was the motion.[2] At a hearing on Harter’s request for equitable distribution, Aetna responded that since it was currently making payments to her and would be required to make further payments, it was premature for the court to make a determination on the motion. After several continuances, the court, at Har-ter’s request, dismissed the motion.
Aetna contends the court erred because Section 440.39(3)(b) entitles it to have its subrogation rights determined since it furnished written notice of its rights of subro-gation to the third-party tortfeasors. Har-ter seeks to sustain the trial court’s order on the basis that Aetna did not file and record a notice of payment of compensation in the tort suit as it contends Section 440.-39(3)(a) requires.
Section 440.39(3)(a) allows an employee who receives compensation benefits the exclusive right to bring a third-party action during the first year after an accident occurs. It also provides that the carrier may file and record a notice of payment in any third-party suit. If it does, the notice constitutes a lien on any payments made on behalf of the third-party tortfeasor.
Section 440.39(3)(b) covers the situation where a settlement occurs either before or after suit by an injured employee. It provides for a court determination of the subrogation rights of a compensation carrier which has given notice of its rights to the third-party tortfeasor. Of course, if the carrier proceeds under (3)(b), it does not have the advantage of the lien afforded by the carrier’s compliance under (3)(a). Yet, *1021 it is entitled to have its proportionate recovery determined under (3)(a).
Harter seeks to sustain the trial court’s holding on the authority of Alfar Creamery Co. v. Williams, 366 So.2d 458 (Fla. 4th DCA 1979). There the Fourth District Court of Appeal held that a carrier which proceeded under Section 440.39(3)(a) was required to comply with the requirement of filing and recording its notice to be entitled to subrogation under (3)(a). Here the issue is Aetna’s entitlement to subrogation under (3)(b), not (3)(a). To extend the holding in Alfar to (3)(b) is unwarranted.[3]
Aetna gave written notice of its rights of subrogation to the third-party tortfeasors and thereafter Harter and the tortfeasors settled the tort suit. Since Aetna and Har-ter failed to agree on the proportion to be paid to each, the trial court should have determined the amount to be paid to each in accordance with Subsection (3)(a). § 440.39(b), Fla.Stat. (1975).
Accordingly, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.
GRIMES, C. J., and HOBSON, J., concur.

. Section 440.39(3)(a) and (b), Florida Statutes (1975) provides:
(a) In all claims or actions at law against a third party tort-feasor, the employee, or his .dependents, or those entitled by law to sue in the event he is deceased, shall sue for the employee individually, and for the use and benefit of the employer if a self-insurer, or employer’s insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff, or, at the option of such plaintiff may be brought in the name of such plaintiff and for the use and benefit of the employer *1020 or insurance carrier, as the case may be. Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover 50 percent of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit or their attorneys of record.
(b) If the employer or insurance carrier has given written notice of his rights of subrogation to the third party tort-feasor, and, thereafter, settlement of any such claim or action at law is made, either before or after suit is filed, and the parties fail to agree on the proportion to be paid to each, the circuit court of the county in which the cause of action arose shall determine the amount to be paid to each by such third party tort-fea-sor in accordance with the provisions of paragraph (a) above.

. Harter failed to notify Aetna of her suit against the third-party tortfeasors as required by Section 440.39(3)(a), Florida Statutes (1975).

. Moreover, we are confident that the Alfar court would not apply its rationale to the facts of the instant case, since here Aetna never knew of the existence of the lawsuit within which to file its claim of lien.