384 So.2d 1302 (1980)
Luddy Gene KIGHT and Sandra M. Kight, His Wife, Appellants,
v.
CAPELETTI BROTHERS et al., Appellees.
No. 78-1106.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
Rehearing Denied July 16, 1980.
Paul J. Culp, Boynton Beach, for appellants.
Keith H. Park of Albury, Webb & Park, West Palm Beach, for appellee-American States Ins. Co.
WARREN, LAMAR, Associate Judge.
Appellants, plaintiffs below, appeal from a final order denying the husband's motion to strike the motion for equitable distribution of the employer/carrier, denying his motion for attorney's fees arising out of the motion for equitable distribution, and granting the employer/carrier its pro rata share on the motion for equitable distribution.
The appellant husband, employed by the City of Boynton Beach, was injured during a rescue operation and filed suit against the defendants as third-party tortfeasors seeking damages for injuries and disabilities sustained by him. Prior to trial the action between appellants and one of the defendants was settled and the parties stipulated to a final judgment of dismissal with prejudice; summary final judgment already had been entered for the other defendant.
The plaintiff employee also on March 17, 1975, filed a workmen's compensation case which finally, after an appeal, was terminated on April 28, 1977, with an award of benefits by the industrial claims' judge to the plaintiff; this order was entered several months after the above judgment of dismissal. Thereafter, on June 16, 1977, the employer/carrier, appellee here, filed the motion for equitable distribution in controversy.
In a stipulation filed in the cause, appellee stipulated that it had knowledge on *1303 August 11, 1975, of the suit against the third-party tortfeasors and that its motion for equitable distribution "was the first formal claim of lien" filed by it. And at the hearing on the motion appellee's witness stated that no claim of lien was filed in the main action because benefits had not been determined.
Appellants' first point is whether the lower court erred in granting the motion for equitable distribution, contending that the appellee waived any rights it may have had when it failed to file its notice while the lawsuit was in progress as required by Section 440.39(3)(a), Florida Statutes (1977), citing Maryland Casualty Co. v. Simmons, 193 So.2d 446 (Fla.2d DCA 1966); and that the court had no jurisdiction to entertain the motion because it had dismissed the case with prejudice, relying on Haft-Gaines Co. v. Reddick, 350 So.2d 818 (Fla. 4th DCA 1977). Appellee countered by asserting that it could not have been required to file a notice of lien prior to the final judgment since at the time it was entered the compensability of the workmen's compensation claim had not been finally determined; that until such time as it was required by the industrial claims' order to pay benefits it was required to file nothing in appellants' civil action.
Section 440.39(3)(a), supra, provides not only for filing in the suit of a notice of payment of compensation and medical benefits to the employee but requires that "said notice shall be recorded... ." In appellee's motion for equitable distribution, it was stated that it had paid and would pay in the future workmen's compensation benefits to plaintiff, according to the attached list; the list was entitled Exhibit A and prefacing the named benefits was the statement that it had paid or would pay to or on behalf of the claimant those sums. Neither document was recorded. Recalling that appellee stipulated that its motion "was the first formal claim of lien" filed by appellee, the trial court in Alfar Creamery Co. v. Williams, 366 So.2d 458 (Fla. 4th DCA 1978), denied a motion for equitable distribution because the compensation carrier's notice of lien was not recorded, and on appeal the order was affirmed. Appellee's motion likewise should have been denied. The trial court did not have the advantage of Alfar, the decision having been filed after the order here on review was entered.
Appellants' second point is that the court erred by denying their motion for attorney's fees for resisting the motion for equitable distribution. In its brief the appellee agrees that if this court should reverse the order of the lower court granting the motion for equitable distribution appellants' attorney is entitled to a reasonable fee. See Ohio Casualty Group v. Parrish, 350 So.2d 466, 469 (Fla. 1977).
The order appealed from, which denied the employee's motion to strike the appellee's motion for equitable distribution and which denied the employee's motion for attorney's fees, is reversed, with direction to award the employee a reasonable attorney's fee for resisting the motion.
REVERSED WITH DIRECTIONS
MOORE and HERSEY, JJ., concur.