DOWNEY, Judge.
While acting as a police officer for appellant, City of West Palm Beach, appellee Charles Mann was shot by a person named Gleason. Mann and his wife sued Gleason and Gleason’s insurance carrier in the Circuit Court of Palm Beach County, and the case was settled for $35,000. During the pendency of the case, however, appellant filed in the cause a “Notice of Payment of Compensation and Medical Benefits” for Workmen’s Compensation benefits paid and to be paid to appellees.
Appellees filed a motion for equitable distribution to appellant pursuant to Section 440.39(3), Florida Statutes (1979), which motion was noticed for hearing by appellees on May 3rd at 8:45 a. m.[1] The hearing did not commence until 9:47 a. m., at which time, after admonition by the trial judge that the time remaining for the motion appeared inadequate, the appellees adduced the testimony of two witnesses as to the value of appellant’s claim. Without reciting in detail what transpired, we find it clear that the hearing was terminated abruptly because the parties had imposed upon the trial judge’s other commitments for that morning, and the matter never was fully presented and argued. Although the appellant’s claim of lien was properly filed and was present in the court file, appellees argued appellant’s claim for equitable distribution should be denied, relying upon Alfar Creamery Company v. Williams, 366 So.2d 458 (Fla. 4th DCA 1979). As applied here that case stands for the proposition that a compensation carrier is not entitled to equitable distribution if it does not file a claim of lien in a cause as provided by Section 440.39(3)(a), Florida Statutes (1979). Appellant was not afforded a chance to respond to appellees’ argument concerning the applicability of Alfar Creamery, supra, so as to point out that the claim of lien was in the court file because, the parties having long since consumed all of their motion hearing time, the trial judge ended the proceeding and took the matter under advisement. Several days later the court entered the order appealed from, finding appellant was not entitled to an equitable distribution on authority of Alfar Creamery, supra. Appellant’s petition for rehearing, which called the court’s attention to the recording of the claim of lien and the filing thereof in the court file, was denied.
Obviously, the problem in the case stems from the attempt by appellees’ counsel to present the matter in an inadequate time frame. As the trial judge indicated, the matter never should have been set on the Uniform Motion Calendar. Be that as it may, appellant was entitled to a determination on the merits of its claim for equitable distribution. Since every court will take judicial notice of its own records appearing in a case before it for consideration,[2] the proper recording and filing in this cause of appellant’s claim of lien precluded application of Alfar Creamery, supra, to this case.
*533 Accordingly, the order appealed from is reversed and the cause is remanded to the trial court for further proceedings to determine appellant’s entitlement to equitable distribution and the amount thereof.
REVERSED AND REMANDED, with directions.
MOORE and HERSEY, JJ., concur.

. By Administrative Order the Circuit Court in the Fifteenth Judicial Circuit holds Uniform Motion Calendar and Ex Parte hearings from 8:45 until 9:30 a. m. four days a week. The parties are limited to five minutes per side.

. Tower Credit Corporation v. State, 183 So.2d 255 (Fla. 4th DCA 1966).