ROBERT P. SMITH, Jr., Judge.
At issue on USF&G’s appeal is whether Section 440.39(3)(a), Florida Statutes (1977), since amended, Chapter 79-40, Section 30, Florida Laws, required that the carrier’s notice of compensation and medical benefits paid be recorded in advance of the judgment, as well as previously filed in the worker’s lawsuit against the third party tortfeasor, in order to constitute a lien for equitable distribution of benefits paid. The circuit court held that USF&G’s notice was timely filed, but not timely recorded before entry of judgment, and so denied USF&G’s claim of lien. Section 440.39(3)(a) provided in relevant part:
Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid. ..
USF&G recorded its notice and claim of lien after the worker’s judgment was entered but before it was satisfied. That, we think, was sufficient to establish a lien under the statute. No sound reason has been advanced, and no authority has been cited, including Cook Motor Co. v. Vaughn, 189 So.2d 536 (Fla. 1st DCA 1966), Alfar Creamery Co. v. Williams, 366 So.2d 458 (Fla. 4th DCA 1979), and Kight v. Capeletti Bros., 384 So.2d 1302 (Fla. 4th DCA 1980), which requires a more restrictive interpretation.
REVERSED.
THOMPSON, J., and WOODIE A. LILES, (Retired), Associate Judge, concur.