BASKIN, Judge.
Upon return of the jury verdict finding that appellee’s loss of a portion of a finger *491 was not the result of appellant’s negligence, the trial court granted a new trial. The court based its ruling upon a finding that defense counsel’s questions directed to the orthopedic surgeon who treated Mr. Den-nard were prejudicial. We disagree and reverse the order granting a new. trial.
During the trial, appellant questioned the necessity for appellee’s psychiatric care after he sustained an injury inflicted by a grease gun. Questioning of the psychiatrists and of the treating orthopedic surgeon was intense. The surgeon, Dr. Nadler, testified that he had studied psychiatry and as part of his regular practice dealt with psychiatric problems. He did not recommend psychiatric treatment for appellee. The challenged questions are included in the following trial excerpt:
Q. (By counsel for appellant) Sir, you never told or recommended to him that he see a psychiatrist, did you?
A. No.

Q. Did you feel, sir, in this particular case that with the litigation factor involved, compensation being sought to be gotten from a jury trial, the fact that a psychiatrist would be in the case, that a psychiatrist would merely be another crutch for Mr. Dennard to lean on rather than a therapy aid?
MR. O’CONNOR: Just a moment, I object to this. There is no proper predicate.
THE COURT: Sustained.

Q. (By Mr. Goodwin) Are you aware in your practice down here, about the litigation here in Dade County, the lawsuits that are brought where psychiatrists are brought in to testify about an emotional overlay or a psychogenic overlay in a case where an orthopedic surgical handling has also taken place?
MR. O’CONNOR: Your Honor, let’s approach the bench.
THE COURT: I sustain the objection.
The court expressed its view of the questioning:
[T]he statements which were made might tend to discredit the entire field of psychiatry before the jury and most of the case is going to turn on the issue of whether or not the plaintiff has suffered psychiatric injury.
Thereafter, the court entered an order ruling in part:
6. The thrust of this line of questioning was to discredit the psychiatric branch of the medical profession, and it appeared to be deliberately designed to create the impression with the jury that, in general, psychiatrists combine with plaintiffs in Dade County, and with this plaintiff in particular, to promote fraudulent claims rather than to treat legitimate medical problems. Thus, the jury was prejudicially influenced by matters not properly before it.
Evaluating the foregoing questions in the context of this case, we hold that defense counsel’s interrogation constituted proper cross-examination. The inquiry was designed to lay the predicate requested by opposing counsel enabling Dr. Nadler to express his opinion concerning whether a psychiatrist would merely be another “crutch” for Mr. Dennard “to lean on rather than dealing with the problem” as he had stated in his deposition. We find no impropriety in the attack upon the credibility of other witnesses. Furthermore, the jury returned a verdict in favor of appellant on the issue of liability; the challenged questions were directed to the subject of damages and were therefore not material to the verdict. In our view, the trial court’s ruling that the questions discredited the entire branch of psychiatric medicine constituted an incorrect basis for the granting of a new trial. See generally Springfield Life Insurance Co. v. Edwards, 375 So.2d 1120 (Fla. 3d DCA 1979); Bishop v. Watson, 367 So.2d 1073 (Fla. 3d DCA 1979); Sharp v. Lewis, 367 So.2d 714 (Fla. 3d DCA 1979).
*492 In his cross-appeal,[1] appellee cites as error the trial court’s refusal to admit Rules and Regulations of the Mechanical Department.[2] He contends that a violation of these rules constitutes negligence, citing Atchison, Top. & S. F. Ry. v. Ballard, 108 F.2d 768 (5th Cir.), cert. denied, 310 U.S. 646, 60 S.Ct. 1096, 84 L.Ed. 1413 (1940). The point of appellee’s argument is dulled by the fact that the court admitted some of the rules while sustaining objections to others. We therefore reject that argument.
The order granting a new trial is reversed and the cause is remanded for entry of judgment on the verdict.

. We have jurisdiction to entertain the cross-appeal. Appeals taken from new trial orders are to be treated as appeals from final orders and the reviewing court has authority to deal with other issues. Bowen v. Willard, 340 So.2d 110 (Fla.1976); Fla.R.App.P. 9.110(h).

. These rules and regulations are contained in a booklet of company safety rules distributed by Seaboard to its employees.