BERANEK, Judge.
This is an appeal from a summary judgment against an insurance carrier in an action asserting lien rights for worker’s compensation and personal injury protection (PIP) benefits paid to an insured of the carrier. Wé affirm in part and reverse in part.
On October 9, 1975, Mr. Wolfman was injured in an accident with Mrs. Smith while in the course of his employment. In 1976, Wolfman sued Smith and Smith’s liability insurance carrier, Travelers Insurance Company. Cotton Belt Insurance Company provided worker’s compensation coverage for Wolfman’s employer and also provided personal injury protection (PIP) coverage pursuant to Section 627.736, Florida Statutes (1975). On April 18, 1976, Cotton Belt filed and served a claim of lien for PIP benefits and a separate claim of lien for worker’s compensation benefits paid and to be paid. Neither lien was recorded. On September 26, 1978, the case was settled as between the plaintiff, defendant and the defendant’s insurance carrier. The liens were not disposed of and no pro rata distribution hearing occurred under Section 440.-39(3)(a), Florida Statutes (1977).
On January 4, 1980, Cotton Belt Insurance Company sued Travelers Insurance Company in a separate suit to foreclose the previously filed but undisposed of worker’s compensation and PIP liens. The trial court granted summary judgment against Cotton Belt based upon its failure to record the lien and upon Traveler’s argument that the statute of limitations barred the action. Final judgment was entered and the present appeal taken.
We initially conclude the trial court was correct in finding that the failure to record the worker’s compensation lien was fatal to this claim. The statute in effect at the time was Section 440.39(3)(a), Florida Statutes (1977), which specifically required that a lien be recorded. This court has held recording to be essential under the statute. Kight v. Capeletti Brothers, 384 So.2d 1302 (Fla. 4th DCA 1975), and Alfar Creamery Company v. Williams, 366 So.2d 458 (Fla. 4th DCA 1979). Appellant points out that this statute was amended effective July 1, 1979, when the Legislature deleted the words “shall be recorded” as applicable to the lien. Appellant urges the trial court erred in not giving this amendment retrospective effect so as to excuse the failure to record the lien. We disagree. Retrospective application to a still pending suit may have been proper but retrospective application of the 1979 statutory amendment to the prior suit which was finally terminated in 1978 would have been inappropriate. Such an application would reopen all prior litigation which had been determined under the prior statute requiring recordation. When Travelers Insurance Company settled the initial personal injury action, it had the right to rely upon Section 440.39(3), Florida Statutes (1977) which required recording of all worker’s compensation liens. Absent statutory compliance, no valid lien existed. See Alfar Creamery Company v. Williams, supra. We thus conclude the trial court correctly applied the recording requirement of the statute in granting summary judgment as to the worker’s compensation lien.
*71 The situation is entirely different as to the PIP lien. There was no statutory requirement that a PIP lien be recorded.[1] Appellee also moved for Summary Judgment based on the Statute of Limitations. Appellee argues the cause of action for enforcement of the PIP lien accrued upon the happening of the accident in 1975, and that the eventual suit on the lien filed in 1980 comes too late and is barred by a four-year statute of limitations. This argument totally disregards the timely filing of the lien on April 18, 1978 and its pendency thereafter. Further, there was nothing in this record before the trial court to indicate the date on which PIP benefits were first paid by the carrier. Indeed, the record does not disclose precisely what statute of limitations the appellee relied upon before the trial court nor whether the trial court accepted the statute of limitations argument as an appropriate defense.
Here, the lien was on the recovery in the suit by the insured recipient of PIP benefits against the tort-feasor. The lien was timely asserted within that suit and the appel-lee’s argument regarding the statute of limitations defense is without merit. The lien could not be enforced until the suit was terminated and some recovery in the form of a settlement or judgment came into existence. This lien was not barred by any statute of limitations urged by appellee.
We affirm the trial court’s summary judgment as to the worker’s compensation lien and reverse as to the personal injury protection lien and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART.
LETTS, C. J., and HERSEY, J., concur.

. See Section 627.736(3), Florida Statutes (1975). The accident in question occurred pri- or to October 1, 1976. After this date an amendment, Ch. 76-266, Laws of Florida, abolished such liens.