PER CURIAM.
The final judgment entered by the trial court dismissing Continental’s complaint is affirmed. We conclude that the complaint was properly dismissed for failure to state a cause of action upon a holding that: (1) there is no common law cause of action for failure to recognize and protect subrogation rights of a workmen’s compensation carrier; subrogation on the part of an employer’s carrier in a workmen’s compensation case is solely a creature of statute, Maryland Casualty Co. v. Smith, 272 So.2d 517 (Fla.1973); Brinson v. Southeastern Utilities Service Co., 72 So.2d 37 (Fla.1954); Fidelity & Casualty Company of New York v. Bedingfield, 60 So.2d 489, 495 (Fla.1952); Commercial Standard Insurance Co. v. Miller, 274 So.2d 588 (Fla. 1st DCA 1973), and, in order to avail itself of the benefits conferred by statute, the insurer must comply with the rules and conditions stated therein, Cook Motor Co. v. Vaughn, 189 So.2d 536 (Fla. 1st DCA 1966); Security Mutual Casualty Co. v. Grice, 172 So.2d 834 (Fla. 2d DCA 1965); and (2) assuming, for the sake of argument, that Continental had elected to proceed under the statute for equitable distribution, the complaint was insufficient for failing to allege that the lien was recorded as specifically required by Section 440.39(3)(a), Florida Statutes (1975).[1] Cotton Belt Insurance Co., Inc. v. Travelers Insurance Co., 402 So.2d 69 (Fla. 4th DCA 1981); Right v. Capeletti Brothers, 384 So.2d 1302 (Fla. 4th DCA 1980); Alfar Creamery Co. v. Williams, 366 So.2d 458 (Fla. 4th DCA 1978), cert. denied, 374 So.2d 98 (Fla.1979); cf. Aetna Insurance Co. v. Harper, 379 So.2d 1019 (Fla. 2d DCA 1980). See Dunnell v. Malone and Hyde, Inc., 425 So.2d 646 (Fla. 3d DCA 1983). The other issues raised present no basis for reversal.
Affirmed.

. Section 440.39(3)(a) has since been amended to delete the recording requirement. See Ch. 79-40, § 30, Laws of Fla., effective July 1, 1979.