## FONTE v DICKINSON, et al
### Case No. 89-3737
Thirteenth Judicial Circuit, Hillsborough County
December 3, 1990

### APPEARANCES OF COUNSEL

**Ann Martino Price, Esquire,** and **Kevin A. McLean, Esquire,** for plaintiffs.

**Stuart J. Freeman, Esquire,** for defendant, General Accident.

**D. Lee Pitisci, Esquire,** for defendant, Dickinson.

### OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

*ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND DENYING PLAINTIFFS' MOTION FOR NEW TRIAL AND SUPPLEMENTAL MOTION*

THIS MATTER came before the court on Defendant's Motion to Strike Plaintiffs' Supplemental Motion and Plaintiffs' Motion for New Trial and Supplemental Motion. The court has reviewed its files and the memoranda of counsel, has conducted its own research, and is

otherwise fully advised in the premises. This Order will first address the court's findings in regard to Defendant's Motion to Strike and then will address Plaintiffs' Motions with attendant grounds separately, stating the court's basis for finding no grounds which would require the granting of a new trial.

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL MOTION

Defendant, GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, contends that because Ann Martino Price was not counsel of record for the Plaintiffs at trial, this court should not consider the Supplemental Motion filed by her. Prior to the time of filing the Supplemental Motion, Ann Martino Price had withdrawn as counsel of record for the Plaintiffs. However, on November 19, 1990 Ann Martino Price filed in this matter a Notice of Appearance as co-counsel for Plaintiffs. This court finds that Ann Martino Price is authorized on behalf of Plaintiffs to file the Supplemental Motion and Memorandum and this court is required to consider the merits of the Motion.

## PLAINTIFFS' MOTION FOR NEW TRIAL

Plaintiffs' initial Motion requests that this court grant a new trial based on three grounds. The court, after considering Plaintiffs' Motion and supporting memoranda and Defendants' opposing memoranda, finds that none of the three grounds constitute sufficient basis to grant the Motion. The court's reasoning is as follows:

1. Plaintiffs contend that the court improperly failed to instruct the jury on Florida Statutes Section 316.22.

In determining whether failure to give the requested jury instruction constitutes grounds for a new trial this court must decide whether the jury instructions, examined and considered as a whole together with the pleadings and evidence, misled the jury, *Yacker v Teitch,* 330 So.2d 828 (Fla. 3d DCA 1976), *Gallagher v Federal Insurance Co.,* 346 So.2d 95 (Fla. 3d DCA 1977); and, whether the erroneous instruction resulted in a miscarriage of justice. § 59.041, Fla. Stat. (1989); *LaFleur v Castlewood International Corp.,* 294 So.2d 21 (Fla. 3d DCA 1974); *City of Hollywood v Jarkesy,* 343 So.2d 886 (Fla. 4th DCA 1977). If the law appears to have been fairly presented to the jury, it is not enough to show that an additional charge might properly have been given. *Gallagher, supra.*

In instructing the jury, this court read the instruction premised upon Florida Statutes Section 316.151. This statute controls a situation

where two vehicles approaching from opposite directions each intend to turn onto the same multi-lane road and proceed in the same direction. Based on the evidence in this case, Section 316.151 was the appropriate statute governing the accident. The instructions taken as a whole fully covered the subject matter of this case. This court finds that the jury was not misled and no miscarriage of justice resulted.

2. Plaintiffs contend that the court, over objection, allowed the defense to question Dr. Price concerning the suspension of his license and the dates in which the acts leading to his suspension occurred.

The line of questioning at issue focuses on the competence of Dr. Price to accurately evaluate the extent of Plaintiffs' damages. It has nothing to do with the underlying liability issue. Because the jury returned a verdict in favor of the Defendant on the issue of liability and never reached the question of damages, the challenged questions were not material to the verdict. Thus, Plaintiffs' asserted error cannot support a new trial on liability. *Seaboard Coastline Railroad Co. v Dennard*, 399 So.2d 490 (Fla. 3rd DCA 1981).

Additionally, this court finds that the case of *Carroll v Dodsworth*, 15 F.L.W. 1782 (Fla. 1st DCA July 6, 1990), is not controlling. In *Carroll*, the only issue at trial was damages. The challenged questioning involved a physician who was testifying on the issue of damages. Therefore, the court recognizes that the improper questioning affected the only pertinent issue before the court, damages. As noted, the jury in the case at bar returned a verdict for the Defendant on liability and never reached the issue of damages. Thus, the questioning of Dr. Price, a damage witness, does not controvert the jury's liability finding.

3. Plaintiffs contend that the court, over objection, allowed defense to question Dr. Price concerning his marriage to Ann Price and improperly judicially noticed the fact that Ann Price filed the Complaint and filed an attorney's lien.

As noted above, the challenged questioning of Dr. Price, a damages witness, was not material to and does not controvert the jury verdict. Thus, Plaintiffs' asserted error cannot support a new trial on liability. *Seaboard, supra.* Additionally, the court properly took judicial notice of the fact that Ann Price filed the original Complaint in this matter and had filed an attorney's lien against the Plaintiffs. Every court is permitted to take judicial notice of the contents of its own files and records. Fla. Evid. Code § 90.202(6); *City of West Palm Beach v Mann*, 387 So.2d 531 (Fla. 4th DCA 1990).

In its memorandum, Plaintiffs contend that judicial notice was improper because the Defendant had not given Plaintiffs timely written

notice of a request for judicial notice. Florida Evidence Code Section 90.203 requires that a court "shall" take judicial notice of any matter in Section 90.202 when a party requests it and gives each adverse party timely written notice. However, this is not a limitation on the court's discretionary power to take judicial notice of matters when it feels notice is inappropriate. If a party requesting judicial notice has failed to give the requisite notice to adverse parties, judicial notice is not mandatory but the court *may* in its discretion judicially notice the matter. *(see,* Fla. Evid. Code § 90.203 Sponsors' Note-1979). Thus, this court finds that it properly exercised its judicial discretion to notice the contents of the court's own records despite Defendant's failure to satisfy the notice requirements.

## PLAINTIFFS' SUPPLEMENTAL MOTION

In its Supplemental Motion, Plaintiffs contend that defense counsel purposefully mixed Joseph and Phala Fonte's medical records and that the questions and conduct of defense counsel constituted fraud and misrepresentations which tainted the credibility of Dr. Price and the Plaintiffs. This court finds that the record does not support Plaintiffs' contention. Additionally, if Plaintiffs' claims about defense counsel's conduct could be substantiated, there may be other avenues of relief available to Plaintiffs.

It is hereby ORDERED AND ADJUDGED that Defendant's Motion to strike is DENIED and Plaintiffs' Motion for New Trial and Supplemental Motion are DENIED.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 3rd day of December, 1990.