BARKDULL, Judge.
During pendency of an appeal questioning the validity of a final order dismissing an amended complaint (with no reservation of jurisdiction to entertain a motion for attorneys’ fees)[1] the trial court awarded attorneys’ fees pursuant to Section 57.105, Florida Statutes. The appeal of the final order of dismissal resulted in a five page opinion of this court. See Conley v. Shutts & Bowen, P.A., 616 So.2d 523 (Fla. 3d DCA 1993), which affirmed the dismissal. The instant appeal involves the validity of the attorneys' fees award. We reverse.
First, because without a reservation of jurisdiction the trial court was without jurisdiction to entertain the motion for attorneys’ fees, see and compare Cibula v. Cibula, 578 So.2d 519 (Fla. 4th DCA 1991); Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984), and second, the motion lacked merit as it is apparent from this court’s opinion that the plaintiff’s amended complaint was not frivolous. Whitten v. Progressive Casualty Insurance Go., 410 So.2d 501 (Fla.1982); Neuromed, Inc. v. Florida Energy Management Services, Inc., 600 So.2d 479 (Fla. 4th DCA 1992).
The order under review is reversed with directions to vacate the order awarding attorneys’ fees.
Reversed with directions.

. This court has a right to take judicial notice of its own record. Hillsborough County Board of County Commissioners v. Public Employees Relation Commission, 424 So.2d 132 (Fla. 1st DCA 1982); City of West Palm Beach v. Mann, 387 So.2d 531 (Fla. 4th DCA 1980); § 90.202, Fla. Stat. (1991).