PENSACOLA & ATLANTIC RAILROAD CO., APPELLANT, VS. ANDERSON & PECK, APPELLEES.

A new trial will not be granted on the ground that improper evidence was admitted, when there is no conflict in the evidence, if the fact sought to be proved is amply shown by other evidence, and it is plain that the jury were not misled.

Appeal from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion.

*W. A. Blount* for Appellant.

*S. R. Mallory and W. A. Fisher* for Appellees.

MITCHELL, J. The plaintiffs in the court below, (appellees here), instituted suit in the Circuit Court against the defendant railroad company, to recover damages to certain horses belonging to plaintiffs, caused by an accident to de-

fendant's train near Pensacola. The issues in the case were submitted to a jury, who found for plaintiffs and assessed their damages at $400, and the case comes here upon appeal.

Several errors are assigned, but only one of them is insisted upon, and for this reason we will treat the remaining assignments as abandoned. The error insisted upon is as to the admissibility of certain evidence, which it is contended is illegal and calculated to prejudice the jury against the defendant.

In answer to interrogatories propounded to him, Joel Peck, a witness for the plaintiffs, among other things, says: " The conductor on the train came to me and asked me to sign a statement that he (the conductor) was not to be blamed for the accident, but that the engineer was to bear the blame, as he did not call for brakes. I refused to sign the statement." The defendant moved to strike out this part of Peck's testimony, but the Court overruled the motion, and the overruling of the motion is insisted upon as being erroneous.

If the evidence of Peck should be entirely excluded from the case, there would still remain abundant evidence to support the verdict, and consequently, the defendant could not have been injured by the refusal to strike out the evidence objected to, for the rule is that the admission of incompetent testimony is no cause for granting a new trial, if it appear that the party objecting could not have possibly stood better with the jury had the evidence been excluded. Bridier vs. Yulee, 9 Fla.., 481. Nor will a new trial be granted because improper evidence has been admitted, if the fact sought to be proved is amply shown by other evidence, and it is plain that the jury were not misled, (Tilly vs. State, 21 Fla., 242,) and especially is this the case when there is no

conflict in the evidence. Simmons, *et al.* vs. Spratt, decided at the present term of the court, and cases there cited.

The judgment of the Court below is affirmed.