FIRST NATIONAL BANK IN ORLANDO, A NATIONAL BANKING CORPORATION, *Plaintiff in Error,* v. E. MASON ROBERTS, *Defendant in Error.*

Division B.

Opinion Filed June 16, 1926.

Petition for rehearing denied September 22, 1926.

1. A new trial will not be granted because immaterial evidence was introduced, unless the jury appears to have been misled.

2. If the verdict be conformable to the law, it will not be set aside merely because the Court refused to give instructions which might have been properly given.

3. To warrant the Appellate Court to reverse a judgment for an erroneous instruction the Court must be satisfied that the jury was misled.

4. The refusal to give a proper instruction which would have availed the party nothing is harmless error.

Rehearing is denied.

*Akerman & Akerman,* for Plaintiff in Error;

No appearance for Defendant in Error.

Per Curiam.—This cause having heretofore been submitted to the court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

Whitfield, P. J., and Terrell and Buford, J. J., concur.

## On Re-hearing.

Per Curiam.—In this case the defendant in error was the plaintiff in the Court below and sued the plaintiff in error which was the defendant in the Court below on a declaration in three counts—the first count was for money loaned by the plaintiff to defendant; the second count was for money received by the defendant for the use of the plaintiff, and the third count for that the defendant is a

banking corporation and the plaintiff heretofore, to-wit, on the 15th day of March, A. D. 1924, deposited with the defendant as such banking corporation the sum of Nine Hundred Dollars ($900.00) subject to check and withdrawal by this plaintiff and said defendant withholds said sum of money and refuses to return same to this plaintiff although requested so to do. The defendant pleaded the general issue and further pleaded the denial of the deposit and denied the withholding of the sum named in the declaration; and for the fourth plea the defendant pleaded that all money deposited by the plaintiff had been withdrawn by the plaintiff by his checks duly honored by the defendant. The plaintiff filed a replication claiming to have ordered payment stopped on a certain check prior to payment being made on such check by the defendant. The defendant filed a rejoinder which put in issue the facts as to whether or not the payment had been stopped on the check for the sum of $940.00 prior to the payment of same by the defendant. The facts gathered from the testimony is about as as follows:

"The plaintiff in the Court below was a depositor of the First National Bank in Orlando, defendant in the Court below, and on March 14, 1924, drew his check on the First National Bank in Orlando payable to Horney Bros., in the sum of $946.00, and the undisputed evidence shows that this check was deposited in the Bank of Polk County & Trust Company at Lakeland, Florida, on March 17th and went through the First National Bank of Tampa, Florida, on March 18th and the Orlando Bank & Trust Company at Orlando on March 19th and was paid by the First National Bank on March 19th. The undisputed evidence also shows that this check was cleared and presented to the First National Bank in Orlando, the drawer bank, for payment either on the eight-thirty or the ten o'clock clearing on the morning of the 19th.

It is also undisputed that the plaintiff in the Court below delivered to the First National Bank in Orlando a written order to stop the payment of this check, which order is dated March 18, 1924. The plaintiff claims that this order to stop payment was delivered to the bank on the 18th, the same day upon which it was dated, but the defendant's witnesses testified that this stop order was delivered to the Bank on March 19th at about twelve o'clock. The Plaintiff also testified that he orally notified the assistant cashier, Mr. Cook, to stop payment on this check on March 15th, but Mr. Cook just as positively denies this.''

It is contended by the plaintiff in error that a new trial should be granted because of the admission of certain testimony and because of the giving of certain charges, and the refusal to give certain requested charges.

We find that the transcript of the record is not indexed, which makes the study of the record unduly burdensome.

There are twenty-two assignments of error, but the attorneys for plaintiff in error have elected to discuss them all together for the reason that they all either assign error upon the admission of testimony or upon charges of the Court in regard to the customs of the Clearing House.

There was a conflict in the evidence and the jury exercising its proper power resolved the conflict in favor of the plaintiff in the Court below. It may be that some of the evidence submitted was immaterial but we cannot say that it was misleading. A new trial will not be granted because immaterial evidence was introduced, unless the jury appears to have been misled. Tilly vs. State, 21 Fla. 242; Pensacola A. & P. R. R. Co. v. Anderson, 26 Fla. 425, 8 South. Rep. 127.

We have examined the charges given by the Court and those refused and are unable to say that the jury was misled as to the law in this case by any charge given or that any injustice was done the plaintiff in error by the

Court refusing to give any charge which was refused or by the giving of any charge which was given. If the verdict be conformable to the law, it will not be set aside merely because the Court refused to give instructions which might have been properly given. Randall v. Parramore, 1 Fla. 409. To warrant the Appellate Court to reverse a judgment for an erroneous instruction, the Court must be satisfied that the jury was misled. Hooker v. Johnson, 10 Fla. 198. The refusal to give a proper instruction which would have availed the party nothing is harmless error. Mays v. Seymour, 17 Fla. 725.

Rehearing is denied.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.