140 So.2d 569 (1962)
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Petitioner,
v.
Sandra Ann McCOLLUM, As Widow of Eddie Mack McCollum, Respondent.
No. 31262.
Supreme Court of Florida.
January 31, 1962.
Rehearing Denied February 22, 1962.
Brigham, Wright, Goodwin & Dence, E.F.P. Brigham and George W. Wright, Jr., Miami, for petitioner.
Kelner & Lewis and Fred Patrox, Miami, for respondent.
DREW, Justice.
The petition for writ of certiorari in this cause is addressed to a decision of the District Court of Appeal, Third District, reversing a judgment in an action for wrongful death. The court, in reaching its conclusion as to reversible error in instructions to the jury, found that "It is possible that the jury was not misled but we cannot say that they were not." (Emphasis supplied.)[1] Because of the language noted, the decision is alleged to be in direct conflict with holdings upon the same point of law in First National Bank in Orlando v. Roberts:[2] "To warrant the appellate court to reverse a judgment for an erroneous instruction, the court must be satisfied that the jury was misled," (Emphasis supplied) citing Hooker v. Johnson.[3] Jurisdiction in this Court rests upon this prima facie conflict.
Any contradiction between the cases is, we think largely one of words, resulting from language taken out of context. A full consideration of the authorities reflects no intent to adopt an entirely subjective test as to whether a particular jury was actually misled, but instead the inquiry is whether the jury might reasonably have been misled. The requirement, in statutory language, is that an error must have "resulted in a miscarriage of justice."[4] Such a miscarriage results when instructions are not only erroneous but also, as found in the instant case, reasonably calculated to confuse or mislead.[5]
*570 We find no real inconsistency between this principle, expressly recognized in the opinion of the district court herein, and the statement first above quoted from the opinion. To any extent, however, that the opinion may imply that an erroneous instruction ipso facto invalidates the verdict, the language stands corrected to conform with the established rule of the cases. In all other particulars, the disposition of the cause is approved.
Writ discharged.
ROBERTS, C.J., and HOBSON, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] McCollum v. Florida Power & Light Co., 125 So.2d 754 (Fla.App. 1961).
[2] 92 Fla. 18, 109 So. 635 (1926).
[3] 10 Fla. 198 (1860).
[4] Section 54.23, Florida Statutes 1961, F.S.A.:

"54.23 Harmless error; effect.  No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."
[5] Cases collected in 1 Fla.Pl. & Prac. 610, Appeals, Sec. 173.