PER CURIAM.
This appeal is under Fla.Const, art. V, § 4, F.S.A. There are several assignments of error and we have carefully considered all of them. We have fully examined all of the record and evidence in accordance with the requirements of Fla.Stat. § 924.32, F.S.A. in order to determine whether the ends of justice require a new trial.
The principle contention here is the claim of fundamental error in the trial judge’s failure expressly to give a cautionary charge that the uncorroborated testimony of defendant’s accomplice in this capital case should be received “with great caution.” No such requested charge was submitted and no objection at the trial was made to its not being given, but we do hot rest our decision upon this.
Experienced trial lawyers, such as defendant’s attorney here, may or may not request particular charges to be given; this may be a matter of tactics in behalf of his client or for other reasons best known to him and depending upon what the circumstances may be, including what the “complexion” of the case may indicate at the time. For example, such a witness may have given questionable testimony which counsel just may not want to be received with such “great caution” with the hope that it will be believed, to the benefit of his client, or there may be other reasons. He may not wish to appear to be questioning the veracity of the witness. We should not try to second guess able trial counsel in his approach to a situation in the atmosphere with which he is most familiar at the time and which is often not reflected in the cold record. The “psychology” or tone of a trial as it proceeds flows deep and silent like a strong current that may account for its ultimate disposition but never appear at all from the written record. Those involved in the ebb and flow of “battle” on the scene can best know and take advantage of the atmosphere and influences that swirl about them.
Here, however, there are other good reasons why failure to give this express charge does not constitute fundamental error. The content of the charge was in fact clearly referred to and covered by counsel in their presentations to the jury; furthermore, the general charge, with regard to how a jury is to treat the testimony of witnesses and to give it such weight as they see fit under all of the evidence, substantially covers the question raised here. We do not recommend that such a charge in these circumstances not be given; we simply say that it was not fundamental error which would justify reversing the jury’s verdict. It is discretionary.[1]
The third factor that sufficiently covered the problem was the cross-examination of the accomplice which made it perfectly plain that he was a questionable and suspect witness. There can be little doubt that a jury of reasonable men and women clearly understands that the testimony of an accomplice is to be closely scrutinized and critically considered under these circumstances. There is nothing shown that would indicate to the contrary here.
From the record here, it does not really seem to be the accomplice’s testimony which was defendant’s greater problem. The apparent damage by the testimony of another defense witness, one on “alibi,” appears to have been what was probably detrimental to the defendant, and this of course was his witness that he chose to call. Unless the jury charge on the uncorroborated witness would probably have produced a different result, it cannot sup *253 port a new trial.[2] Failure to give such unrequested instruction as to “great caution” was held not error when another defendant awaiting trial on the same charge testified against the defendant in Coston v. State, 139 Fla. 250, 190 So. 520, 523 (1939), citing numerous of our decisions. We cannot, therefore, find error under this contention.
The other assignments are generally related and afford no basis for reversal. The facts are clear. This was a brutal and senseless murder in which the victim was beaten to death in a robbery. Several males including petitioner shoved the victim out of his automobile in which they were all riding, and which they had forced the victim to drive to a dirt road. They then systematically went through the victim’s clothing and at the same time were beating him. Petitioner began kicking the victim and then picked up an old roller-type washing machine tub nearby and threw it down on the victim’s chest two or three times. They then placed him back in the automobile and threw his body in a creek where it was discovered the next day. Both collar bones were torn away from the breast bone and the lungs were filled with blood from mass hemorrhaging in the chest; the victim’s brain was bruised and he suffered cerebral contusions. The body was found nude, floating in the creek. They burned his car. The evidence clearly'supported these facts.
There is no basis for a reversal in this cause and finding no error and that the ends of justice do not demand a new trial, the judgment is affirmed.
Affirmed.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.

. Davis v. United States (5th Cir. 1969), 411 F.2d 1126; and Tillery v. United States (5th Cir. 1969), 411 F.2d 644.

. May’s Executors v. Seymour, 17 Fla. 725 (1880) ; First National Bank of Orlando v. Roberts, 92 Fla. 18, 109 So. 635 (1926) ; Robinson v. Hyer, 35 Fla. 544, 17 So. 745 (1895).