346 So.2d 95 (1977)
Teresa GALLAGHER, a Minor, by and through Her Parents and Natural Guardians, et al., Appellants,
v.
FEDERAL INSURANCE COMPANY, a Foreign Corporation, et al., Appellees.
No. 76-819.
District Court of Appeal of Florida, Third District.
May 3, 1977.
Rehearing Denied June 8, 1977.
*96 Joseph S. Marcus, Homestead, Albert Yurko, Orlando, for appellants.
Greene & Cooper, Corlett, Merritt, Killian & Sikes and Lawrence B. Craig, Pyszka, Kessler, Adams & Solomon and Charles M. Belous, Walton, Lantaff, Schroeder & Carson and Michael R. Jenks, Miami, for appellees.
Before PEARSON, BARKDULL and NATHAN, JJ.
NATHAN, Judge.
In this action for damages stemming from a 1973 automobile-truck collision, the plaintiffs appeal from a final judgment for the defendants following a jury verdict on special interrogatories.
Pursuant to the defendants' motion, the trial court ordered a bifurcated trial separating the issues of liability and damages. Counsel for the plaintiffs and the defendants then entered into a stipulation that the issues to be determined at the first trial, the liability trial, were the issues of whether the defendant truck driver was negligent in the operation of the truck, and whether the plaintiff driver was negligent in the operation of her automobile. The stipulation further provided that the issues regarding the ownership of the truck, and the truck driver's possible status of independent contractor would not be considered at the liability trial; and that "all other issues, claims, defenses and disputes shall be preserved as to both plaintiffs and all defendants."
At the conclusion of all of the evidence on liability, the court charged the jury. After deliberating, the jury rendered the following verdict on special interrogatories:
1) Was there negligence on the part of Defendant LUIS ALBERTO RODRIGUEZ which was a legal cause of the accident?
 NO NO 
 YES _______
If your answer to the above question is "No," do not answer any further questions, and merely sign and date your verdict.
If your answer to the above question is "Yes," state the percentage of negligence attrubutable to Defendant LUIS ALBERTO RODRIGUEZ.
 %
2) Was there negligence on the part of the Plaintiff VENITA W. GALLAGHER which was a legal cause of the accident?
 NO ________
 YES _______
If your answer to the above question is "Yes," state the percentage of negligence attributable to the Plaintiff VENTIA W. GALLAGHER.
 %
The plaintiffs' first point on appeal is that the court erred in refusing to give certain instructions to the jury, specifically Standard Jury Instructions 5.1(a) and 5.1(b). Those instructions, which concern proximate cause and concurrent cause, respectively, read as follows:
(a) Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.
(b) In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such loss, injury or damage.
Each party has the right to have the court instruct the jury on the law applicable to the evidence under the issues presented. Williams v. Sauls, 151 Fla. 270, 9 So.2d 369 (1942); Hattaway v. Florida *97 Power & Light Company, 133 So.2d 101 (Fla.2d DCA 1961). Generally, an instruction on legal cause is given in a trial on liability in a negligence action. Where such instruction is not given, the appellate court is faced with the question of whether the failure to give it constitutes reversible error. It is well settled that jury instructions must be examined and considered as a whole together with the evidence, and in this case, the verdict form, in determining whether the jury instructions were proper. Grimm v. Prudence Mutual Casualty Company, 243 So.2d 140 (Fla. 1971). Ultimately, such a decision must turn on whether the appellate court finds from the record on appeal that the jury was misled by the failure to give the instruction. As held by the Florida Supreme Court in First National Bank in Orlando v. Roberts, 92 Fla. 18, 109 So. 635, 636 (1926), a verdict will not be set aside merely because the court failed to give instructions which might have been properly given; to warrant reversal of a judgment for an erroneous instruction, the court must be satisfied that the jury was misled; the refusal to give a proper instruction which would have availed the party nothing is harmless error.
Applying the foregoing principles of law to the instant case, we look to the record to determine whether the evidence warranted the giving of an instruction on legal cause, and if so, whether the court's failure to so instruct constituted reversible error. Unfortunately, the plaintiffs have provided us with only certain portions of the record, to wit; some of the voir dire examination of the jurors, and the instructions to the jury. We have not been favored with a transcript of the testimony or other evidence presented at the liability trial. Thus, while we are of the opinion, as noted above, that the standard instructions on legal cause should generally be given in a liability trial, we are unable to conclude on the incomplete record before us, that the jurors were, in fact, misled, or that the failure to so instruct otherwise resulted in prejudicial error. See Crosby v. Stubblebine, 142 So.2d 358 (Fla.2d DCA 1962), and Castaldo v. Singapore, J.F. Inc., 258 So.2d 499 (Fla.3d DCA 1972).
Moreover, based on the verdict form presented to the jury containing the special interrogatories, recited above, we find that the jury did have the opportunity to determine the negligence, if any, and the percentages of negligence, if any, attributable to each of the drivers.
The remaining points on appeal are without merit and will not be discussed.
Affirmed.