567 So.2d 559 (1990)
Jackie WILLIAMS, Appellant,
v.
BANKERS MULTIPLE LINE INSURANCE COMPANY, Appellee.
No. 89-1371.
District Court of Appeal of Florida, Fourth District.
October 10, 1990.
Michael S. Bendell of Michael Bendell, P.A., Boca Raton, for appellant.
Carman, Beachamp & Sang, P.A., Deerfield Beach, and Rhea P. Grossman of Rhea P. Grossman, P.A., Miami, for appellee.

ON MOTION FOR CLARIFICATION OR REHEARING
PER CURIAM.
We withdraw the opinion of May 23, 1990 and substitute the following opinion.
This is an appeal from a final judgment in favor of appellant for personal injuries arising out of an automobile accident. Appellant was awarded $12,565 for her injuries but was found 35% comparatively negligent. She was also assessed a reduction of damages by 55% for failure to use her seat belt. Appellant claims that errors in the trial require a new trial on both liability and damage awards. We agree.
We hold that it was reversible error for the trial court to refuse to give the collateral source instruction (S.J.I. 6.13) where evidence of collateral source benefits was submitted at trial by way of notation of insurance payments on appellant's medical bills. Calloway v. Dania Jai Alai Palace, Inc., 560 So.2d 808 (Fla. 4th DCA 1990), is directly on point, and requires reversal.
Considering the fact that when the insurance referenced bills or payments are excluded from the total amount of appellant's medical bills presented, the amount approximates the amount actually awarded, we must conclude that the jury might reasonably have been misled by the failure to give the collateral source instruction. See Snedegar v. Arnone, 532 So.2d 717 (Fla. 4th DCA 1988), rev. denied, Arnone v. Snedegar, 544 So.2d 199 (Fla. 1989). Therefore, *560 the trial court should have granted a new trial as to all damage issues.
We also reverse the order denying appellant a new trial on the liability issue because the verdict holding appellant to be comparatively negligent was contrary to the manifest weight of the evidence. Contrary to appellee's suggestion, this issue was properly preserved for appeal. Scarfone v. Magaldi, 522 So.2d 902 (Fla. 3d DCA 1988). In the instant case, no evidence was introduced which indicated negligence on behalf of appellant. The tortfeasor was charged in the accident and pled guilty to the charge. Appellant testified that she took evasive action to avoid the collision, and there was no evidence that she was speeding. The accident reconstruction experts who testified for both appellant and appellee offered no testimony which would support a finding of negligence on behalf of appellant. While appellant failed to move for a directed verdict, which precludes us from reversing for entry of a judgment in appellant's favor on the comparative negligence claim, we can and do reverse for a new trial on liability because the jury's determination on the comparative negligence claim is contrary to the manifest weight of the evidence. See Scarfone.
We address one additional point raised with respect to jury instructions which will guide the parties on retrial. Appellant claims it was error for the trial court to fail to give the concurring cause instruction 5.1(b). The injury she claimed at trial was a temporomandibular joint disorder (TMJ). She requested the instruction after evidence came out of prior injuries to her mouth (loss of two molars) which also could have caused a TMJ disorder. She relies on Miller v. Court, 510 So.2d 926 (Fla. 4th DCA 1987), rev. denied, 523 So.2d 576 (Fla. 1988), wherein this court stated, "The standard jury instruction 5.1(b) on concurrent causes is applicable when the plaintiff's injury is caused by the doctor's [tortfeasor's] negligence, acting upon and combined with the plaintiff's preexisting physical condition." Id. at 927 [citation omitted]. In Miller the patient's prior diabetic condition combined with the doctor's negligence in failing to administer a diabetic medication to cause the patient to go into a coma. In the instant case, however, we have searched through the testimony and can find no witness who testified that the defendant's negligence acted upon or combined with her preexisting condition to cause the TMJ syndrome. The only testimony of the dentist was that the prior loss of teeth and other events in appellant's life may have themselves caused the TMJ disorder. Therefore, the trial court did not err in refusing to give the concurring cause instruction.
Reversed and remanded for a new trial on all issues.
DOWNEY and WARNER, JJ., concur.
HERSEY, C.J., dissents without opinion.