710 So.2d 996 (1998)
Shirley SAWCZAK, Appellant,
v.
Alan L. GOLDENBERG, M.D., Alan L. Goldenberg, M.D., P.A., J. Sternberg and S. Schulman, M.D. Corp., Alan Alarcon, M.D. and Humana Inc. d/b/a/ Westside Regional Medical Center, f/k/a Humana Hospital Bennett, Appellees.
No. 96-2253.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
Rehearing Denied May 26, 1998.
Herman Russomanno, Robert J. Fiore, and Robert J. Borrello of Russomanno Fiore & Borrello, P.A., Miami, for appellant.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellees J. Sternberg and S. Schulman, M.D., Corp.
George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, and Mark Hicks of Hicks & Anderson, P.A., Miami, for appellee Alan Alarcon, M.D.
Clark J. Cochran, Jr., and Hal B. Anderson of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, for appellee Humana Inc. d/b/a Westside Regional Medical Center f/k/a Humana Hospital Bennett.
POLEN, Judge.
Appellant, Shirley Sawczak, appeals from a jury verdict and judgment rendered in favor of appellees, Alan Alarcon, M.D. ("radiologist"), J. Sternberg & S. Schulman, M.D. Corp. ("radiology group"), and Humana, Inc. ("hospital"), in this hotly contested medical malpractice action arising from injuries Sawczak sustained after her common bile duct was completely severed during routine *997 gall bladder surgery in 1992. Although she was awarded $4 million against a fourth defendant, Alan L. Goldenberg, M.D., her surgeon, she alleges error warranting a new trial occurred in the three other defendants' closing arguments, their cumulative expert testimony, and the court's failure to give her requested special jury instruction on agency. We affirm on all points raised.
Sawczak first claims that the court should have granted her a new trial based on defense counsel's improper remarks during closing arguments. These remarks fell within a host of categories, including appeals to the community conscience of the jury, expression of counsel's personal beliefs, and reference to facts not in evidence. Although her attorney failed to object specifically to almost all of these statements, she argues that the cumulative effect of such comments constituted fundamental error. While we agree with Sawczak that many of defense counsel's arguments were improper and often egregious, her attorney's failure to object specifically and contemporaneously to them waived any error that occurred. See Murphy v. Int'l Robotics Systems, Inc., 710 So.2d 587 (Fla. 4th DCA 1998); Nelson v. Reliance Ins. Co., 368 So.2d 361 (Fla. 4th DCA 1978).
The only comments to which her attorney objected specifically and contemporaneously occurred during the following exchange:
RADIOLOGIST'S COUNSEL: It's important that you understand that [Sawczak's expert] has been hired by these folks for years. His job is to come in and put big numbers up ... He's clueless. He has no idea. He comes indo you remember him? The feisty little guy with the beard? Do you remember him? Would you think he was a credible and likable witness? Did you think that he made an effective credible and believable guy?
SAWCZAK'S COUNSEL: I object, the golden rule for about the last ten minutes.
RADIOLOGIST'S COUNSEL: Ask yourself-ask yourself-
COURT: Counsel, could you please refrain from such comments. Please proceed.
RADIOLOGIST'S COUNSEL: Ask yourselves when you go back: Do you think that this guy is a credible, believable witness? Or is he a hired gun who was asked to put the biggest numbers he can conceivably think of up on the board?
SAWCZAK'S COUNSEL: Judge, I object.
The trial court sustained her objection, and sua sponte instructed the jury to disregard the comment. Sawczak then moved for a mistrial, coupled with a request that the court reserve ruling on the motion until after the jury rendered its verdict. The court denied the request and told Sawczak, in essence, to "fish or cut bait." Sawczak then withdrew her motion. After the jury exonerated all three defendants of liability, she moved for a new trial, which was denied.
While we find the above comments are not golden rule-type arguments, Sawczak still argues that they constituted an improper attack on the credibility of her expert and otherwise violated Rule 4-3.4(e) of the Rules Regulating the Florida Bar.[1]See Airport Rent-A-Car, Inc. v. Lewis, 701 So.2d 893 (Fla. 4th DCA 1997). Sawczak's attorney failed, however, to assert these grounds as a basis for his objections at trial. Again, without reaching the merits of her argument, we find her attorney did not preserve this issue for appeal. See Tillman v. State, So.2d 32 (Fla.1985)(holding that, to be preserved for appeal, an issue must be presented to the lower court and the specific legal argument to be argued on appeal must be part of that presentation).
As to Sawczak's remaining points on appeal, we affirm. See Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982); Florida Power *998 & Light Co. v. McCollum, 140 So.2d 569 (Fla.1962).
AFFIRMED.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] That rule provides:

A lawyer shall not:
(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.