LEVY, Judge.
Martha Cruz (“Personal Representative”) appeals the entry of Final Judgment in favor of Dr. Gustavo Plasencia in a medical malpractice action after a jury trial, alleging that the trial court erred in refusing to give Florida Standard Jury *459 Instruction 5.1(b) on concurrent causation. We agree and reverse for a new trial.
Marta Godoy (“the decedent”) suffered from diverticulosis, a condition affecting the colon. The decedent was admitted into the hospital for a colonoscopy to be performed by Dr. Richard Hernandez. During the procedure, Dr. Hernandez perforated the decedent’s colon. A perforation causes a life threatening condition because of the bacteria which immediately begin to spill out of the colon into the rest of the body. According to Personal Representative, perforation of the colon is a recognized risk of a colonoscopy, but it is readily repaired with normal surgical procedures lasting no more than an hour and a half, and with a less than 10% mortality rate. Dr. Plasencia, a fellow of the American Society of Colon and Rectal Surgeons, was called in to repair the perforated colon. Dr. Plasencia initially attempted to repair the colon by way of a laparoscopic procedure. However, after an hour and a half to two hours into the process the laparoscopic approach was essentially unsuccessful and Dr. Plasencia switched to a laparotomy procedure to repair the damaged colon. In total, it took nearly three hours to repair the colon.
The lengthy procedure was successful in repairing the perforation and removing the diseased portions of the colon. Nevertheless, the bacteria that spilled from the colon prior to repair of the perforation led to sepsis and Adult Respiratory Distress Syndrome (“ARDS”). Moreover, according to Personal Representative, contaminated fluid in the decedent’s abdomen was not discovered or drained for several days. These complications led to decedent’s death from multiple organ failure.
Personal Representative filed this medical malpractice action against Dr. Plasen-cia, alleging that the doctor’s operative and post-operative treatments of the decedent were negligent and caused her death. Specifically, Personal Representative alleged that Dr. Plasencia’s initial decision to perform the laparoscopic procedure on the decedent’s perforated colon and the doctor’s subsequent failure to timely discover and drain the contaminated abdominal fluid in the decedent caused the decedent’s death. At trial, Dr. Plasencia defended on the ground that decedent’s death was not caused by him, but by the bacteria which immediately began to spill out of the colon when it was perforated. Moreover, in contrast to Personal Representative’s allegations of negligent post-operative care, Dr. Plasencia defended on the ground that draining any fluid from the decedent’s abdomen was unnecessary and could have risked perforating her colon again.
During closing arguments, counsel for Personal Representative presented the jury with the verdict form and informed the jury about concurrent causation. Personal Representative stated:
Actually I have a verdict form, and the first question will be was there negligence on the part of Gustavo Plasencia, M.D. which was the legal cause of death of [decedent]. Specifically a legal cause doesn’t mean it was the only cause of death. Clearly when you hear arguments that the perforation caused this lady’s death, although she had a five or ten percent mortality rate going into the surgery, so Dr. Plasencia doesn’t have to be the only cause, ...
(emphasis added). Counsel for Personal Representative then requested that the jury be instructed on concurrent causation as set forth in Florida Standard Jury Instruction 5.1(b). Said instruction provides:
concurring cause: In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].
*460 Fla. Std. Jury Instr. (Civ.) 5.1(b). The trial court denied the request and charged the jury only with Instruction 5.1(a), which instructs on legal cause in general.
After the jury retired to deliberate, the jury sent out the following question asking:
The judge said negligence means legal causes of death. Two, Plaintiffs counsel said any contribution to the cause of death was negligent. Does incompetence, or bad judgment call mean negligence? If the operation performance contributed to the death but was not the cause of death is it negligence?
At this time, counsel for Personal Representative renewed the request for Instruction 5.1(b), the concurrent causation instruction. Said request was again denied and the trial court sent the jury a copy of Instruction 5.1(a). The verdict form asked “Was there negligence on the part of Gustavo Plasencia, M.D. which was a legal cause of the death of [the decedent]?” The jury returned a verdict finding that Dr. Plasencia was not a legal cause of injury to the decedent. The trial court entered Final Judgment in favor of Dr. Plasencia. This appeal ensued.
On this appeal, Personal Representative argues that the trial court erred in refusing to give Instruction 5.1(b) on concurrent causation. This issue actually raises a two part question. First, we must determine whether Instruction 5.1(b) should have been given by the trial court. If the instruction was not required, then the inquiry is over and we must affirm. However, assuming the instruction should have been given, the second part of the inquiry is whether the trial court’s failure to give Instruction 5.1(b) in this matter was harmless. We will consider each part of this issue in the proper order.
The first inquiry is whether Instruction 5.1(b) should have been given by the trial court. In general, if a defendant’s negligence acts upon and combines with the plaintiffs pre-existing physical condition to cause an injury, the concurrent causation instruction should be given. See Marrero v. Salkind, 433 So.2d 1224 (Fla. 3d DCA 1983) (finding the instruction was required where testimony demonstrated that “death was caused by negligence of the doctors, in combination with a natural cause.”); Goodman v. Becker, 430 So.2d 560 (Fla. 3d DCA 1983) (finding the concurrent causation instruction was required where evidence demonstrated that plaintiffs stroke was caused by the effect of the defendant doctor’s surgical procedure combined with plaintiffs preexisting circulatory and hypertensive problems). Moreover, “[although the term ‘concurring’ suggests that such causes of damage must occur ‘simultaneously,’ it has been held that temporally preceding conditions can conjoin with a defendant’s subsequent alleged negligence.” Zigman v. Cline, 664 So.2d 968, 970 (Fla. 4th DCA 1995). Here, Personal Representative argues that Goodman and Marrero are applicable to the instant matter because the decedent’s death was caused by negligence on the part of Dr. Plasencia that acted in combination with the decedent’s preexisting condition — a perforated colon. Essentially, Personal Representative claims that Dr. Plasencia chose the wrong method of repairing the perforated colon and that the decedent would have survived otherwise. Personal Representative also argues that, while Dr. Plasencia’s negligence was not the only or sole cause of decedent’s death, it was certainly a substantial contributing cause; hence the need for an instruction on concurrent causation.
In contrast, Dr. Plasencia alleges that Instruction 5.1(b) on concurrent causation was unnecessary. In support of this argument, Dr. Plasencia relies upon a line of cases wherein the concurrent causation instruction was not warranted because the evidence introduced at trial was insufficient to support an instruction on concurrent causation. See Goldschmidt v. Holman, 571 So.2d 422, 425 (Fla.1990) (finding concurrent causation instruction unnecessary where “[n]o one argued or presented *461 evidence that any other operative cause was present”, no one “ever asserted that the preexisting [condition] caused any part of [plaintiffs] injury”, or testified how the preexisting condition “operated in relation to [defendant’s] alleged negligence.”); Williams v. Bankers Multiple Line Ins. Co., 567 So.2d 559 (Fla. 4th DCA 1990) (denying concurrent cause instruction where no witness testified that the defendant’s negligence acted in combination with a preexisting condition.) Dr. Plasen-cia argues that Personal Representative presented no evidence that Dr. Plasencia’s alleged negligence acted in combination with the decedent’s preexisting condition— the perforated colon. For the reasons outlined below, we disagree with Dr. Plasen-cia’s characterization of the record in this case and find that the trial court should have instructed the jury on concurrent causation.
Unlike the Goldschmidt and Williams cases relied upon by Dr. Plasencia, there is ample testimony in this record that the decedent suffered from a perforated colon and that Dr. Plasencia’s use of a laparo-scopic method to repair the colon acted in combination with that preexisting condition to contribute to the decedent’s death from organ failure. Indeed, both parties began their cases from the proposition that the decedent died from complications related to the perforated colon. Personal Representative presented evidence that, had the doctor repaired the colon using other methods, the decedent would still be alive today. In contrast, Dr. Plasencia presented evidence that he used the proper method for repairing the colon and that the decedent would have died anyway from bacteria that leaked from the decedent’s colon immediately upon the perforation. Under either theory, the jury was presented with evidence that one of the causes of decedent’s death was bacteria that leaked from the perforated colon. The only question that remained was whether Dr. Pla-sencia was a contributing cause of decedent’s death. Under these circumstances, we find that the concurrent causation instruction should have been given.
Having found that Instruction 5.1(b) should have been given in this case, the second inquiry is whether the trial court’s failure to give Instruction 5.1(b) was harmless. In Gallagher v. Federal Insurance Co., 346 So.2d 95 (Fla. 3d DCA 1977), this Court recited the standard for determining whether the failure to give a jury instruction on causation requires a reversal. This Court stated:
Generally, an instruction on legal cause is given in a trial on liability in a negligence action. Where such instruction is not given, the appellate court is faced with the question of whether the failure to give it constitutes reversible error. It is well settled that jury instructions must be examined and considered as a whole together with the evidence, and in this case, the verdict form, in determining whether the jury instructions were proper. Grimm v. Prudence Mutual Casualty Company, 243 So.2d 140 (Fla. 1971). Ultimately, such a decision must turn on whether the appellate court finds from the record on appeal that the jury was misled by the failure to give the instruction. As held by the Florida Supreme Court in First National Bank in Orlando v. Roberts, 92 Fla. 18, 109 So. 635, 636 (1926), a verdict will not be set aside merely because the court failed to give instructions which might have been properly given; to warrant reversal of a judgment for an erroneous instruction, the court must be satisfied that the jury was misled; the . refusal to give a proper instruction which would have availed the party nothing is harmless error.
Id. at 96-97 (emphasis added). In short, the failure to give a required jury instruction will not require reversal unless the jury has somehow been misled.
In the instant matter, Dr. Plasencia argues that the trial court’s failure to give Instruction 5.1(b) did not mislead the jury because: (1) Personal Representative’s *462 counsel adequately explained concurrent causation during closing argument; and (2) the verdict form in this cause clearly asked “Was there negligence on the part of Gustavo Plasencia, M.D. which was a legal cause of the death of [the decedent]?” In support of this argument, Dr. Plasencia relies upon several cases wherein, on the particular facts and circumstances of those cases, the appellate court found that the failure to give said instruction was harmless. See Wilson v. Boca Raton Community Hospital, Inc., 511 So.2d 318 (Fla. 4th DCA 1987) (failure to give a concurring cause instruction could not possibly have misled the jury where the gravamen of the case, and the verdict form presented to the jury, clearly presented the causation issue to the jury); Kinya v. Lifter, Inc., 489 So.2d 92 (Fla. Bd DCA 1986) (finding that the failure to give a concurrent cause instruction did not require reversal where the court’s instruction and the special interrogatory verdict form effectively advised the jury that the plaintiffs and defendant’s negligence could both be legal causes of the decedent’s death); Karp v. Hodor, 166 So.2d 597 (Fla. 3d DCA 1964) (finding that the failure to give a concurrent cause instruction did not require reversal where the “verdict is conformable to the law and the facts.”).
We find those cases cited by Dr. Plasen-cia to be inapposite to the instant matter. First, we find that the verdict form did not effectively advise the jury that both the perforated colon and Dr. Plasencia’s alleged negligence could be legal causes of the decedent’s death. Without more specificity, asking the jury whether the doctor was a legal cause of the decedent’s death as opposed to whether he was the legal cause of her death is simply insufficient to instruct the jury on concurrent causation. Second, as noted above, the jury asked the following question after it retired to deliberate:
The judge said negligence means legal causes of death. Two, Plaintiffs counsel said any contribution to the cause of death was negligent. Does incompetence, or bad judgment call mean negligence? If the operation performance contributed to the death but was not the cause of death is it negligence?
We find that this question evidences that, despite the explanation of concurrent causation given by Personal Representative’s counsel during closing arguments, the jury was still having difficulty in understanding how Dr. Plasencia’s alleged negligence could be a cause of decedent’s death if the decedent was already suffering from a preexisting condition. We find it probable that, had the jury been given Instruction 5.1(b) as requested by Personal Representative’s counsel, the jury’s confusion would have been eliminated. Indeed, the instruction clearly states that one’s negligence need not be the only cause of injury to be regarded as a legal cause of the injury. Fla. Std. Jury Instr. (Civ.) 5.1(b). Under these circumstances, we find that the jury was misled and find that the failure to give Instruction 5.1(b) was not harmless.
In summary, we find that the concurrent cause instruction should have been given in this case and that the failure to give the instruction was not harmless. Accordingly, we reverse the Final Judgment and remand this cause for a New Trial.
Reversed and remanded.