ON REMAND

POLEN, J.
In this medical malpractice action, Shirley Sawczak appealed from a jury verdict and judgment rendered in favor of her radiologist, the radiology group, and the hospital where she underwent what was supposed to be routine gall bladder surgery in 1992. (Her bile duct was completely severed during surgery.) Although she was awarded $4 million against a fourth defendant, her surgeon, she argued she was entitled to a new trial as to the other defendants on several grounds, including error she claimed occurred during closing arguments. While she conceded that her attorney failed to object to most of these statements, she maintained their cumulative effect constituted fundamental error warranting a new trial. In Sawczak v. Goldenberg, 710 So.2d 996 (Fla. 4th DCA 1998), we affirmed on all points raised.
Subsequently, the supreme court ordered us to reconsider our decision in light of the court’s recent opinion in Murphy v. International Robotic Systems, Inc., 766 So.2d 1010 (Fla.2000). In Murphy, the court, approving this court’s prior decision in the same case,[1] held that before a party may receive a new trial based on an unob-jected-to closing argument, as here, it must establish that the challenged argument was “improper, harmful, incurable, and so damaged the fairness of the trial that the public’s interest in our system of justice requires a new trial.” Id. at 1031. The court explained,
[A]n appellate court must employ an abuse of discretion standard of review when considering the correctness of the trial court’s grant or denial of a new trial based on unobjected-to closing ar *452 gument. Although we have not absolutely “closed the door” on appellate review of unpreserved challenges to closing argument, we have come as close to doing so....

Id.

As we did in our prior decision in this case, we affirm on the basis of the supreme court’s more recent Murphy opinion. Simply put, Sawczak failed to demonstrate that the challenged arguments were “improper, harmful, incurable, and so damaged the fairness of the trial that the public’s interest in our system of justice requires a new trial.”
AFFIRMED.
DELL and HAZOURI, JJ., concur.

. Murphy v. International Robotics Systems, Inc., 710 So.2d 587 (Fla. 4th DCA 1998).