820 So.2d 367 (2002)
J.T.A. FACTORS, INC., Appellant,
v.
PHILCON SERVICES, INC., Appellee.
No. 3D00-3578.
District Court of Appeal of Florida, Third District.
May 15, 2002.
Rehearing Denied July 19, 2002.
*369 Liebler, Gonzalez & Portuondo, P.A., and Juan A. Gonzalez, and William M. Richardson, Jr., for appellant.
Vezina, Lawrence & Piscitelli, P.A., and Joseph W. Lawrence, II, Tallahassee, and Mary Piccard Vance, for appellee.
Before COPE, GREEN, and SHEVIN, JJ.
GREEN, J.
J.T.A. Factors, Inc. ("J.T.A."), defendant below, appeals the denial of its motion for judgment notwithstanding the verdict ("JNOV") and for new trial after an adverse jury verdict on the issue of liability in a suit grounded on the filing of fraudulent liens, tortious interference with business relationships and conversion. We affirm.
Philcon Services, Inc. ("Philcon") appellee, was a steel erector subcontractor on three major construction projects. Philcon employed Construction Personnel Corporation ("CPC") to facilitate funding of its payroll services. Appellant, J.T.A., is a factoring company that provides accounts receivable financing for its customers. J.T.A. entered into a factoring agreement, security agreement and power of attorney with CPC. Pursuant to their agreement, CPC assigned its accounts receivables and invoices as security for financing provided by J.T.A. CPC would invoice Philcon for the services provided by a separate payroll company that paid the payroll taxes. Philcon would then send the payments to J.T.A. directly for services provided by CPC.
Philcon's payments to J.T.A. designated the specific projects to which the payments should be applied. That designation was determined by the project from which the money was received. Eventually, Philcon learned that J.T.A. was routinely applying monies received from one job to invoices of another by crediting the oldest invoices first. Philcon protested the misapplication, as it made it difficult, if not impossible, to track where its payments were going. J.T.A. responded that it would be too difficult to change its crediting method.
In 1996, J.T.A. recorded claims of lien against real property associated with the three construction jobs Philcon was working on in the amounts of $618,371.20; $40,351.54; and $44,877.61. In its claims of liens, J.T.A. asserted that CPC had provided labor to Philcon and that Philcon had failed to pay the claimed amounts for the labor. Prior to trial, Philcon and CPC advised J.T.A. that CPC had not provided any labor and that therefore J.T.A. held no lien rights. They also advised J.T.A. that the amounts claimed were incorrect. At meetings and via telephone calls, Philcon made attempts to come to an agreement with J.T.A. so that the liens could be lifted and also notified J.T.A. of the negative impact the liens were having on its business and future contracts. J.T.A. maintained each of the liens against the three projects for several weeks. Ultimately, J.T.A. released the liens even though it never received any compensation for the amounts it claimed to be owed on the projects. Philcon filed suit.
At trial, in support of its claim for tortious interference with its business relationships, Philcon presented evidence that *370 J.T.A. had filed the liens even though: (1) J.T.A. knew CPC had not provided labor for the improvements to the projects; (2) J.T.A. had no way of knowing whether, in fact, there had been any non-payment by Philcon for those projects because J.T.A. had refused to properly account for Philcon's payments, and (3) J.T.A. knew that the liens were fraudulently filed.
J.T.A. moved for directed verdict at the close of Philcon's case. The motion was denied. At the close of all the evidence, J.T.A. and Philcon submitted proposed jury instructions and verdict forms, but J.T.A. did not renew its motion for directed verdict. The trial court entered a partial summary judgment in favor of Philcon where it was undisputed that neither CPC or J.T.A. provided labor for the three liened projects. The jury rendered a verdict in favor of J.T.A. on the fraudulent lien count and entered its verdict in favor of Philcon on the tortious interference and conversion counts. J.T.A. moved for JNOV and for a new trial on the conversion and tortious interference counts. The motions were denied and trial was set for the damages portion of the case. This appeal followed.
On this appeal, J.T.A. challenges the trial court's rulings as follows: (1) the trial court's sua sponte instructions to the jury that neither J.T.A. nor CPC provided labor to the liened projects was error, as it compelled a verdict for Philcon on the tortious interference claim; (2) the instruction to the jury on conversion created a civil action for conversion for a violation of a criminal statute; (3) by the jury's own verdict on the fraudulent lien claim, J.T.A. could not have the requisite "malicious intent" to interfere with Philcon's business relationships and therefore the tortious interference claim must fail as a matter of law[1]; (4) the jury verdict on the tortious interference claim was internally inconsistent; (5) Philcon failed to present sufficient evidence to make a prima facie case of tortious interference with business relationships between it and either the liened or non-liened contractors; (6) the jury instruction and verdict form which grouped all of the business relationships into one category deprived the jury of the opportunity to determine whether Philcon met its burden on each of the alleged relationships, and (7) the jury's verdict on the conversion claim is not supported by record evidence and is contrary to the manifest weight of the evidence presented at trial.
Philcon responds that J.T.A. failed to preserve error below on the first three issues raised on this appeal where it did not raise those arguments below. We agree. As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal. Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638 (Fla.1999) (a claim not raised in the trial court will not be considered on appeal); Dober v. Worrell, 401 So.2d 1322 (Fla.1981) (appellate court will not consider issues not presented to the trial judge on appeal from final judgment on the merits). Moreover, we do not find these claimed errors to rise to the level of fundamental error. See Brumage v. Plummer, 502 So.2d 966 (Fla. 3d DCA 1987). Thus, because these claimed errors were not preserved before the trial court, they are deemed waived.
*371 As to the remaining challenges, J.T.A. initially asserts that the verdict in favor of Philcon on each count was not supported by sufficient evidence and thus the trial court's denial of its motion for JNOV was error. Philcon responds that where, as here, a party does not renew its motion for directed verdict at the close of all the evidence, it does not preserve the issue of insufficiency of the evidence for appellate review. See Fla. R. Civ. P. 1.480(b). However, in light of J.T.A.'s motion for a new trial, Philcon mistakenly avers that J.T.A.'s preservation error precludes this court from reaching the merits of J.T.A.'s insufficiency of the evidence challenge. Under Florida law, there are two ways to challenge the sufficiency of the evidence before the trial court: (1) a defendant must move for a directed verdict at the close of the plaintiff's case and at the close of all the evidence; see Fla. R. Civ. P. 1.480(b); 6551 Collins Ave. Corp. v. Millen, 104 So.2d 337 (Fla.1958); see also City of Miami v. Swift, 481 So.2d 26 (Fla. 3d DCA 1985); Honda Motor Co., Ltd. v. Marcus, 440 So.2d 373 (Fla. 3d DCA 1983) or (2) a defendant must file a motion for a new trial in which he challenges the sufficiency of the evidence to support the jury's verdict. See Scarfone v. Magaldi, 522 So.2d 902, 903 (Fla. 3d DCA 1988); Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So.2d 1283, 1285 (Fla. 1st DCA 1993); see also Williams v. Bankers Multiple Line Ins. Co., 567 So.2d 559, 560 (Fla. 4th DCA 1990); Winnemore v. Morton, 214 So.2d 509 (Fla. 4th DCA 1968). Since J.T.A. moved for a new trial in the trial court and asserted in the motion that the jury's verdict was contrary to the manifest weight of the evidence, J.T.A.'s right to challenge the sufficiency of the evidence has been adequately preserved.
J.T.A. argues that the jury's verdict on the tortious interference claim is not supported by record evidence and is contrary to the manifest weight of the evidence. J.T.A.'s argument is largely built upon the premise that because the jury did not find the liens to be fraudulently filed, the jury could not find in favor of Philcon for tortious interference with a business relationship. A contention that a jury verdict is inconsistent must be raised at the time the verdict is read and before the jury is released in order to allow an opportunity to cure. Perry v. Allen, 720 So.2d 614 (Fla. 1st DCA 1998); Gup v. Cook, 549 So.2d 1081, 1083 (Fla. 1st DCA 1989), quashed in part on other grounds, 585 So.2d 926 (Fla.1991); see also, e.g., Moorman v. American Safety Equip., 594 So.2d 795, 799 (Fla. 4th DCA 1992) (appellants waived inconsistency argument because they failed to object to verdict before jury was discharged). Although the right to challenge the sufficiency of the evidence was preserved, by properly making its motion for new trial because Philcon did not follow the proper procedure to bring the inconsistency challenge, it is waived.
Based upon our careful review of the record evidence, we find no merit to J.T.A.'s arguments that the evidence presented at trial was insufficient to meet the elements of tortious interference and therefore affirm without further discussion. See Katz v. Ghodsi, 682 So.2d 586, 587 (Fla. 3d DCA 1996) (holding that plaintiffs motion of a new trial should have been denied because it was solely for the jury to resolve the conflicts and consider the weight of disputed testimony.).
Next, J.T.A. complains that it was error for the trial court to reject its proposed verdict form in favor the verdict form submitted by Philcon. The form of the verdict to be used, however, lies within the sound discretion of the trial court. We find no abuse of the trial court's discretion by rejecting J.T.A.'s more complex interrogatory verdict form. See Firmani v. *372 Grant, 681 So.2d 869 (Fla. 5th DCA 1996) (trial court possesses exceptionally broad discretion in deciding whether to include interrogatory in verdict form).
Finally, J.T.A. asserts that the trial court erred in denying its motion for a new trial because the jury's verdict on the conversion claim is not supported by the record evidence. When reviewing the denial of a motion for new trial, we must view the evidence and every conclusion derived therefrom in the light most favorable to Philcon, and then determine whether the trial court abused its discretion. Salnave v. Public Health Trust of Dade County, 624 So.2d 282 (Fla. 3d DCA 1993); Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145 (Fla.1980) (standard for appellate review of denial of motion for new trial is whether trial court abused its discretion). Such an abuse of discretion exists only if the decision is arbitrary, fanciful or unreasonable and that no reasonable person could have concluded as the trial court did. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Roberto v. Allstate Ins. Co., 457 So.2d 1148 (Fla. 3d DCA 1984).
After a review of the evidence, we find that the trial court acted appropriately within its broad discretion in denying J.T.A.'s motion for a new trial where the jury's findings with respect to the conversion claim were not contrary to the manifest weight of the evidence. See Baptist Hosp., Inc., supra. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. See Canakaris, 382 So.2d at 1202; Atlas Properties, Inc. v. Didich, 213 So.2d 278 (Fla. 3d DCA 1968).
Affirmed.
NOTES
[1] Malice is conspicuously absent from the requisite elements to show tortious interference with a business relationship, which are: (1) existence of a business relationship, (2) knowledge of the relationship on the part of the defendant, (3) intentional and unjustified interference with the relationship, and damage to plaintiff as a result of breach of the relationship. Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812 (Fla.1995).