POLEN, J.
Appellants Gregory and Linda Sorrells appeal a jury verdict following a negligence suit filed against Appellees, Alberto Montesino and Maria Delgado. The jury returned a verdict awarding Gregory Sor-rells total damages in the amount of $50,808.90. This amount was reduced to $35,561.72 by collateral source setoffs. The Sorrellses appeal on evidentiary and procedural grounds, including the trial court’s refusal to allow Gregory’s treating physicians to testify as to the cost of future medical care. Appellees have filed a cross-appeal, asserting the trial court erred in failing to off-set the jury award with all collateral source payments or benefits received by the Sorrellses. We find merit to Gregory’s argument regarding the trial court’s error in refusing to allow a treating physician to testify as to the future cost of medical care and reverse on this ground. We are unpersuaded as to all other issues raised by both parties.
“Admission of evidence is within the discretion of the trial court and will not be reversed unless there has been a clear abuse of that discretion.” Ray v. State, 755 So.2d 604, 610 (Fla.2000). “If a disclosed witness’s trial testimony is even arguably within the designation, exclusion of the testimony by the witness should not be employed.” Wax v. Tenet Health Sys. Hosps., Inc., 955 So.2d 1, 4 (Fla. 4th DCA 2006).
At trial, Gregory called several specialists to testify regarding his injuries and treatment, including Dr. Lichtblau, a phy-siatrist who specialized in physical medicine and rehabilitation. During direct examination, plaintiffs’ counsel asked Dr. Lichtblau if he had an opinion as to the cost of Gregory’s future pain management and defense counsel objected. Defense counsel asserted that nowhere in Dr. Lichtblau’s report did he report on the cost of future medical care and therefore, he should not testify as to such. Plaintiffs’ counsel asserted it had disclosed that Dr. Lichtblau would testify as to Gregory’s prognosis, and it was obvious that future medical costs were included in the definition of prognosis. Plaintiffs’ counsel asserted that defense counsel should have been prepared for the testimony or should have taken Dr. Lichtblau’s deposition.
The trial court disagreed, finding that testimony relating to future medical costs had to be in a written opinion to be admissible. As Dr. Lichtblau’s report did not contain the costs of future medical care, the trial court sustained the objection. Dr. Lichtblau was permitted to testify about recommended future medical care and how often Gregory would need to receive it but was not allowed to offer an opinion on estimated cost.
We hold the trial court erred in refusing to allow Dr. Lichtblau to testify as to the cost of future medical care. In this case, Gregory represented that Lichtblau “will testify as to Plaintiffs injuries, treatment, *299 diagnosis and prognosis.” As pointed out in Wax: “We do not think that these designations of the substance of testimony in pretrial notices of experts should be subjected to literalistic, mechanical or crabbed readings.” 955 So.2d at 4. We reverse on the basis of this issue and remand for retrial on the issue of future medical costs.
Gregory also argues the trial court erred in requiring the jury to itemize on the jury form each medical expense from each doctor or other provider that it attributed to the accident. The trial court determined the easiest way to deal with setting off collateral source payments post-verdict was to have the jury list which medical bills it attributed to the accident so the trial court could determine the amount of offset to apply to the award.
“The form of the verdict to be used ... lies within the sound discretion of the trial court.” J.T.A. Factors, Inc. v. Philcon Servs., Inc., 820 So.2d 367, 371 (Fla. 3d DCA 2002). The standard itemized jury form used in these cases normally itemizes the damages according to economic versus non-economic damages, both past and future. While we are not prepared to say the trial court’s decision as to the verdict form used is reversible, and understand how it may be helpful in determining collateral setoffs, we would point out there is a reason the Florida Supreme Court promulgates a standard verdict form and a reason why it should be used in most circumstances.
We reverse and remand for retrial on the issue of future medical costs.
SHAHOOD, C.J., and MAY, J., concur.